■ CONTINENTAL CASUALTY Co. et al., Respondents, v. JAMES DUFFY et al., Defendants, and McKESSON & ROBBINS et al., Appellants.— In an action for a declaratory judgment and for other relief, defendants McKesson & Robbins and Liberty Mutual Insurance Company appeal from a judgment of the Supreme Court, Kings County, entered February 3, 1966 after a nonjury trial on submitted facts, which adjudged and declared, *inter alia*, that

a certain tort claim asserted against the plaintiff O'Donnell is covered by the insurance policy issued by defendant Liberty Mutual to defendant McKesson & Robbins. Judgment affirmed, with one bill of costs to plaintiffs. The duties of James Duffy, a truck driver employed by McKesson & Robbins, included the making of deliveries of liquor. He arrived at the tavern owned and operated by the plaintiff O'Donnell in order to deliver four cases of whiskey. The delivery was to be made through metal cellar doors which opened on the sidewalk in front of the tavern. Duffy obtained the key to open the cellar doors from the bartender and opened them therewith. There was no crossbar on the cellar doors to hold them securely. The bartender remained inside the tavern. The only ones present and participating in the delivery were Duffy and his helper. The helper entered the cellar and Duffy put the first case of whiskey down the slide. The cellar doors blew over and hit Duffy on the head. In the complaint in his negligence action against Raymax Associates (the owner of the realty) and against O'Donnell, Duffy alleged that "the negligence of the defendants consisted in the fact that the cellar doors open in such a fashion that a wind could shut it and that no cross bar existed to keep the doors open so that the action of the elements would not dislodge the doors, although general usage, custom or practice is to have a cross bar on cellar doors to prevent accidents such as and did actually occur to this plaintiff." The automobile policy issued by Liberty Mutual to McKesson & Robbins provided that the definition of insured includes "the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission." Another clause of said policy provided that "Use of an automobile includes the loading and unloading thereof." In our opinion, there was a direct causal connection between the accident and the unloading of the truck and, therefore, the consignee O'Donnell was an insured person under said policy and there was coverage on his behalf under the loading and unloading clause (*Bundschu* v. *Travelers Ins. Co.*, 22 A D 2d 907; cf. *Carr Packing Co.* v. *Frank*, 49 Misc 2d 74; *Employers' Liab. Assur. Corp.* v. *Indemnity Ins. Co.*, 228 F. Supp. 896, 901). *Cosmopolitan Mut. Ins. Co.* v. *Baltimore & Ohio R. R. Co.* (18 A D 2d 460) is distinguishable, although its rationale is not in disagreement with *Bundschu*. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.