William J. Crangle, J.
Plaintiff seeks a declaratory judgment defining his rights under a policy of liability insurance which he has with each of the defendants. An action was previously commenced against this plaintiff to recover damages for bodily injuries sustained by one Donald W. Wands who alleges that he was struck by a traveling boat crane operated by this plaintiff and owned by the Schenectady Yacht Club, Inc. The latter is a membership corporation and has cross-claimed against this plaintiff for indemnity in the event Donald W. Wands should recover in his action against the corporation.
The plaintiff herein at the time of Wands’ injury had a policy of insurance in effect with the defendant, Factory Mutual Liability Insurance Co., by which the defendant agreed “ to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury * * * arising out of * * * the use of * * * any non-owned automobile, and the company shall defend any suit alleging bodily injury ”. He also had a homeowner’s policy of insurance in effect with the defendant, Milwaukee Insurance Company, by which the defendant agreed in substance to pay on behalf of the insured any sums which he might become legally obligated to pay because of bodily injury to another and to defend any suit against the insured alleging such bodily injury and seeking damages which are payable under *752 the terms of the policy. The policy excludes from coverage bodily injury arising from the use of an automobile while away from the plaintiff’s premises described in the policy or the ways immediately adjoining. This policy in defining “ automobile ” excepts any equipment not subject to motor vehicle registration which is designed for use principally off public roads.
Both companies admit notice of the claims against the plaintiff and their failure to defend the actions brought against him. Each claims that the vehicle which plaintiff was driving at the time of the accident is not covered under its policy, the one, Factory Mutual Liability Insurance Co., claiming that the vehicle was not an automobile but a traveling boat crane and the other claiming that it was an automobile subject to motor vehicle registration and therefore excluded under the terms of its policy.
The proof adduced at the trial of this action establishes that the “ traveling boat crane ” referred to in the Wands complaint was in fact made of two vehicles, a trailer and a truck which were being used together at the time of the accident alleged in the complaint. The truck was manufactured in 1948 by Chevrolet Motor Co. for use on the public highway. Over the chassis and engine it had a conventional body with cab and hood. It was equipped with a trailer hitch known as a fifth wheel. It had been modified by its present owner by removing the left door and windshield and by adding a second transmission which limited its speed to three miles per hour. It lacked signal lights but in other respects was unchanged. At the time in question it was owned by the Yacht Club and was being used by the plaintiff on the premises of the Yacht Club to haul a boat trailer equipped with a hoist. This boat trailer would, in the normal course of the work, be backed over a slip so that the straps of the hoist could be placed under a boat floating in the slip. The straps bearing the boat would then be drawn up by means of electric motors mounted on the trailer. The power for this was not provided by the truck. The truck with the trailer attached would then be driven over a private roadway to a storage area on the same premises where the trailer would be backed into position to deposit the boat in its chocks for winter storage. The truck was not always attached to the trailer but at times was parked in an area separated from the trailer. Neither ever left the Yacht Club premises while owned by the Yacht Club.
The plaintiff’s home was some six miles from the Yacht Club. He was assigned as a member of the club to aid in the hauling of members’ boats without compensation. No business or occupation for gain or profit was involved for either the Yacht Club or the plaintiff. The members mutually assisted each other with *753 the care and storage of their boats and utilized the corporation for this purpose.
The Factory Mutual policy defines a ‘ ‘ non-owned automobile ’ ’ in terms of an automobile not owned by the named insured or any relative. It does not exclude trucks, truck tractors, vans and other motor vehicles which clearly are encompassed within the generic meaning of automobile. (60 C. J. S., Motor Vehicles, § 1; 7 Am. Jur. 2d, Automobile Insurance, § 99.)
Therefore, since the traveling boat crane, which Donald W. Wands alleges struck him, consisted in part of the detachable Chevrolet truck, that truck operated by plaintiff is within the terms of the Factory Mutual policy as a nonowned automobile, provided the modifications to the truck itself do not take it out of the classification of automobile. In my opinion they do not. The modifications left the truck essentially a four-wheeled motor vehicle capable of transporting persons and property upon the public highway. The insurance contract contains no clause requiring that the nonowned automobile be registered or register-able under the Vehicle and Traffic Law. (Smith v. Stewart, 21 A D 2d 551; Ann. 74 ALR 2d 1264.)
The trailer consisted of steel I-beams welded together and was mounted at one end on two sets of dual wheels. On the day in question the other end rested on the fifth wheel of the Chevrolet truck. It was 22 feet wide, 20 feet long and 18 feet high. Its only power units were electric motors designed to lift the boats, and the electricity for this was obtained from conduits at various locations on the Yacht Club property. This equipment was obviously designed to be used principally off public roads and is peculiarly adapted for use over the boat slip upon the premises of the Yacht Club. It is not subject to motor vehicle registration and could only be moved over the public roads under a special permit issued pursuant to subdivision 15 of section 385 of the Vehicle and Traffic Law. The trailer therefore in itself would not be excepted from coverage within the definition contained in the Milwaukee policy. However that policy, by its terms, does not apply to bodily injuries arising from the operation of an automobile. The injuries which Wands complains of occurred from the movement of the combined vehicles by means of the operation by this plaintiff of the Chevrolet truck, which is an automobile whether attached to the trailer or not. It therefore must be concluded that the Milwaukee Insurance policy does not provide coverage and this defendant has no contractual obligations to the plaintiff as to the Wands’ claims pending against him.
*754 Submit judgment accordingly declaring that the Factory Mutual Liability Insurance Go. is liable to the plaintiff to defend the actions commenced against plaintiff by Donald W. Wands and the Schenectady Yacht Club and to pay within the limits of the policy such sums as its insured shall become legally liable to pay as damages for bodily injury arising out of the operation of the Chevrolet truck subject to the provisions of the clause relating to other insurance.