Memorandum. The order of the Appellate Division should be affirmed, without costs.
Plaintiff misconceives the basis upon which he asserts his right to a hearing, notice of the reason for his termination as departmental chief, and an opportunity to controvert the 11 reasons ” assigned for his termination. The rules and philosophy of the hospital accrediting organization do not qualify the agreement between the parties and by-laws of the Medical Center. That agreement and those by-laws, to the extent applicable, control his administrative appointment and tenure. Whatever effect, if any, nonconformity by the Medical Center with the rules of the hospital accrediting organization may have on accreditation in the future does not affect the contractual arrangement between the parties. Moreover, plaintiff’s written agreement with the Medical Center may not be varied by his assertions, even if true, of negotiations which preceded the making of the agreement.
Plaintiff’s contention that his termination and appearance before the J oint Conference Committee were without awareness by him of the reasons for the impending termination is unper *903 suasive. From his own averments it is evident that he and his department had been embroiled for some time in contention with other departments in the Medical Center. It also appears from his own averments that he had been in running conflict with the lay director of medical affairs and the lay board of trustees. This is not to suggest that the contention and conflict were due to his fault; it makes clear, however, that the ultimate resolution of the contention and conflict was accomplished by the final confrontation and termination of plaintiff’s administrative positions.
Plaintiff, in the face of the agreement for his appointment and tenure, misconstrues the function of the Joint Conference Committee, his appearance before it, and the manner in which it was composed. Wisely or unwisely, the function of the Joint Conference Committee was not to provide plaintiff with a “ jury ” or “ impartial tribunal ”. Instead, it was a device provided by the agreement and the by-laws to resolve a conflict and tentative decision to terminate plaintiff’s administrative position. The “ appearance ” was a next-to-last stage meeting between an arm of the Medical Center management and plaintiff. It did not have the purpose of determining facts or issues.
True, the agreement offended plaintiff’s view that medical positions, staff or administrative, should be determined only or largely by medical personnel, as it evidently offends the views of the amicus curiae, the American Medical Association. Nonetheless, the rights and duties of the parties must, in courts of law, be determined by the agreements they made; they may not be varied by prior parol negotiations or professional standards that some believe should govern such agreements or the management of a hospital.
Lastly, there is no warrant to apply the constitutional standards of due process plaintiff urges on the grounds of governmental involvement in this private hospital or the larger considerations of public policy affecting the medical profession.
The record, especially the pleadings, do not focus on any breach of plaintiff’s privileges as a tenured attending full-time surgeon on the staff. Hence, the undenied averment that plaintiff’s office was removed to a building long discontinued as a hospital and used only for limited administrative and research purposes does not raise a triable issue on the present record. It may well be that such removal of plaintiff to a “ Siberia ” *904 involves a breach of his tenured staff position; on that view of the matter, however, the court may not now pass.
Chief Judge Bbeitel and Judges Jasen, Gabbielli, Jones, Wachtleb and Rabin concur in memorandum; Judge Stevens taking no part.
Order affirmed.