■ Kashishian Haig, Appellant, v Channing Company, Inc., et al., Respondents, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered December 1, 1975 in Schenectady County, which granted summary judgment in favor of defendants James Kilgallen and Channing Company, Inc., dismissing the complaint. Plaintiff commenced suit against the owner of the building in front of which he fell on ice and snow, the owner and tenant of the building adjacent to it, and the City of Schenectady. Special Term granted summary judgment dismissing the complaint as to the defendants Kilgallen and Channing, the owner and tenant respectively of the adjacent building, holding that there is no proof that these defendants in any way caused or created the condition on the sidewalk that caused plaintiff's fall. Special Term stated further that plaintiff, after being given a reasonable opportunity to come forward with facts to support his argument that the accumulation of ice on the sidewalk was caused by the failure of these defendants to properly maintain the adjacent building, failed to submit any such facts. In determining whether the action of Special Term was warranted, we must determine whether triable issues of fact exist which would preclude the granting of summary judgment. While the grant of summary judgment is rare in negligence cases, it is not prohibited, and when there is no genuine issue to be resolved at trial, such cases should be summarily decided *(Andre v Pomeroy,* 35 NY2d 361). Bald, conclusory assertions, even if believable, cannot serve to defeat summary judgment. Nor may affidavits by persons having no personal knowledge of the facts be utilized for that purpose. It was incumbent upon the plaintiff to have presented proof in evidentiary form substantiating his claim *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342). Since plaintiff's opposing papers fail to state any facts to support his claim that the slippery condition on the sidewalk resulted from an act or omission on the part of these defendants, they are insufficient to create any factual issue. We conclude that a defense has been established, as a matter of law, and the complaint was properly dismissed. Order affirmed, without costs. Koreman, P. J., Kane, Mahoney, Herlihy and Reynolds, JJ., concur.