■ ROBERT C. YATES et al., Respondents, and BERNARDO S. EVANGELISTA, Plaintiff-Intervenor, v COHOES MEMORIAL HOSPITAL et al., Appellants.—Appeals from orders of the Supreme Court at Special Term, entered August 15, 1977 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint and for a protective order pursuant to CPLR 3103 (subd [a]) limiting the taking of depositions and restricting the records and materials to be produced. For some period prior to January 25,

1977, plaintiffs Robert C. Yates and Edward L. Schwartz, both physicians, occupied administrative positions at Cohoes Memorial Hospital. Yates had been chairman of the executive committee of the medical-dental staff and president of the staff of the hospital. Schwartz had been chairman of the department of medicine of the hospital. On January 25, 1977, the board of directors of the hospital removed plaintiffs from these administrative positions. At the same time, the board of directors reduced the plaintiffs' staff ranks from "active" to "courtesy". The following day, the hospital advised both doctors that their services in the "official interpretation of E.C.G.'s * * * for this hospital" (Cohoes) were no longer required. This action was thereafter brought for an injunction to restore the plaintiffs to their former positions and for money damages. The complaint alleges four causes of action against the defendants for money damages. The alleged causes of action may be summarized as follows: (1) the defendants' actions relative to plaintiffs were in violation of the adopted by-laws of the defendant hospital and of the by-laws of the medical-dental staff of the hospital, and that such actions damaged the plaintiffs' professional reputations and practices; (2) the actions of the defendants were in violation of State law (apparently Public Health Law, § 2801-b) and were damaging to plaintiffs' professional reputations and practices; (3) the actions of the defendants were the product of a conspiracy among the defendants and others to deprive plaintiffs of business and professional relationships and were damaging to plaintiffs' professional practice; and (4) the defendants' public announcement of their actions relative to the plaintiffs was made solely to damage plaintiffs' professional reputations and was false and defamatory. The defendants' amended answer, besides specifically denying most of the allegations in the amended complaint, raised three affirmative defenses: (1) the complaint failed to state a cause of action; (2) the publication giving rise to the defamation claim is true and was published without malice in the course of defendants' business, and (3) said publication was made in good faith, without malice, solely to inform the defendants' employees of staff changes. Two counterclaims, irrelevant for purposes of this appeal, were also raised. After issue was joined and plaintiffs had provided a bill of particulars pursuant to demand, the plaintiffs served "Notices to take depositions upon oral examination" on the defendant hospital, and defendants David I. Hughes, John M. Smith, Harry L. Robinson, and William McDonald. The notice to the hospital required that numerous documents be brought to the examination, including the by-laws of both the hospital and its medical-dental staff, minutes of meetings of the hospital board of directors for October 1, 1976 and thereafter, minutes of meetings of the executive committee of the medical-dental staff from January 1, 1975 through May 1, 1977, records of the hospital's medical records librarian for 1972 through 1976, a list of hospital directors as of January 26, 1977 and May 1, 1977, the hospital census report of December, 1976 and a list of physicians holding any of the following staff ranks at the hospital as of January 1, 1977—active, courtesy, consulting or honorary. The defendants responded by moving for a protective order pursuant to CPLR 3103 (subd [a]). The defendants also moved for an order striking all of the individual defendants on the grounds of improper joinder and failure to state a cause of action and, further, for summary judgment dismissing the complaint as to all defendants. Special Term denied the motion for a protective order and the contention upon this appeal that discovery should have been limited so as to preserve the confidentiality of medical records is without any merit in view of the decision of Special Term. The complaint also alleges tortious acts on the part of the individual

defendants and thus, there is no merit to the contention that there was an improper joinder. Special Term denied the motion for summary judgment upon the ground that "serious questions of facts [were] raised by the pleadings". Before the plaintiffs had served the amended complaint in this action, they had filed a complaint with the Public Health Council pursuant to section 2801-b of the Public Health Law. By a letter dated April 26, 1977, the Public Health Council advised the plaintiffs' attorney that the council had considered the complaint and the defendants' response and that the: "Council found cause to credit the complaint because the hospital acted to curtail or diminish the professional privileges of Doctors Yates and Schwartz without giving reasons related to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the physicians." The letter also stated that the hospital had been directed to review its action relative to the plaintiffs and to take any action in accordance with section 2801-b of the Public Health Law. On this appeal the defendants contend that the trial court erred in denying summary judgment as to three of the plaintiffs' alleged causes of action. The remedy of summary judgment should be granted in those cases where there are no true factual issues and it is reasonably certain that all the facts can be established with due diligence without a trial. (*Andre v Pomeroy,* 35 NY2d 361; *Phillips v Kantor & Co.,* 31 NY2d 307; *Landers v State of New York,* 56 AD2d 105, 107; *Haig v Channing Co.,* 54 AD2d 992.) Insofar as the plaintiffs seek injunctive relief based upon a violation of article 28 of the Public Health Law and in particular its section 2801-b, the plaintiffs have stated a cause of action for an injunction. Section 2801-c of the Public Health Law provides that in this case "any finding of the public health council * * * shall be *prima facie* evidence of the fact or facts found therein" (emphasis added). In the case of *Matter of Cohoes Mem. Hosp. v Department of Health of State of N. Y.* (64 AD2d 737), it is held that the order of the Public Health Council does not constitute a final order and, in view of the issue raised as to the practical effects of the action herein upon the practice of the petitioners in this hospital, it cannot be said that the denial of summary judgment by Special Term was an abuse of discretion as to the cause of action seeking injunctive relief. (See *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339; cf. *Martin v Catholic Med. Center of Brooklyn & Queens,* 35 NY2d 901.) However, section 2801-b of the Public Health Law does not provide a basis for actions seeking to recover money damages and summary judgment should have been granted dismissing the second cause of action for failure to state a cause of action. Furthermore, an examination of the hospital by-laws does not disclose any basis for a cause of action and it has been held that medical staff by-laws do not give rise to actions against a hospital for alleged violations thereof and, therefore, the first cause of action should have been dismissed for failure to state a cause of action. (*Leider v Beth Israel Hosp. Assn.* 11 NY2d 205.) Order dated August 8, 1977, modified by inserting therein a provision that the motion for summary judgment is granted to the extent of dismissing the first and second causes of action in the complaint, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.