OPINION OF THE COURT
William Ritholtz, J.
This is a motion brought by the plaintiffs, Thomy and Magliore Peralte, for summary judgment against the defendants, Robert A. and Eugene La Cerra, to recover for personal injuries arising out of an alleged automobile accident. Plaintiff, Thomy Peralte, claims that he was injured when his vehicle was struck in the rear by defendants’ vehicle as defendant was pulling out of a parking spot.
In support of the instant motion, plaintiffs have submitted an affirmation by their attorney and an affidavit of merit by Thomy Peralte. In opposition to the motion, an affirmation was submitted by the defendants’ attorney, but no affidavit of merit “by a person having knowledge of the facts” (i.e., the defendant). The attorney for the defendants states that he has attempted to locate the defendants to secure an affidavit of merit, but has been unsuccessful to date.
The issue presented to the court is whether an affidavit of merit “by a person having knowledge of the facts” is required to oppose and defeat a motion for summary judgment.
*1014 In support of the motion, plaintiff contends that since the defendant has not submitted an affidavit of merit “by a person having knowledge of the facts”, as is required under CPLR 3212 (subd [b]), then plaintiff is entitled to summary judgment. We respectfully disagree with learned counsel for various reasons.
The pertinent portion of CPLR 3212 (subd [b]) reads as follows: “(b) Supporting proof; grounds; relief to either party. A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit. The motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party * * * the motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact”.
CPLR 3212 (subd [b]) speaks only as to what is required to support a motion for summary judgment. The statute contains nothing which indicates what documents are required to oppose and defeat a summary judgment motion. There exists, however, a large volume of case law that has addressed this matter. It seems to be well settled in the State of New York that an “opposing affidavit by an attorney without personal knowledge of the facts * * * has no probative value and should be disregarded” in determining a motion for summary judgment. (Chickering v Colonial Life Ins. Co. ofAmer., 51 AD2d 566, 567; see, also, Haig v Channing Co., 54 AD2d 992.) While the court is mindful of the above-enunciated general rule, this court is of the opinion that the case at bar differs and may be distinguished.
In the case at bar, defendants’ opposition to the motion is based in part upon a police report, which as defendants’ attorney contends, would seem to indicate that plaintiffs’ *1015 vehicle was unoccupied at the time of impact. In the court’s opinion, this raises a triable issue of fact and as such, summary judgment must be denied.
In Zuckerman v City of New York (49 NY2d 557, 562) the Court of Appeals held that “[t]he rule with respect to defeating a motion for summary judgment, however, is more flexible, for the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form”. Thus, although it is clear that a party opposing a motion for summary judgment must present evidentiary facts sufficient to raise a triable issue of fact, it is now equally clear that the opposing party will be given some leeway with regard to the way in which he or she raises the issue. The court in Zuckerman went further when it stated (p 563) that “[t]he affidavit or affirmation of an attorney, even if he has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide ‘evidentiary proof in admissible form’, e.g., documents, transcripts.”
In Comptroller of State of N. Y. v Gards Realty Corp. (68 AD2d 186, 188) the Appellate Division, Second Department, stated that “ ‘where the affidavit of an attorney on a motion for summary judgment is based on documentary evidence in the attorney’s possession, it may have probative value and should be evaluated by the court’”. The matter at bar may be likened to the holdings in the Zuckerman and Comptroller cases.
It would seem that the interests of justice would far better be served by denying the instant motion for summary judgment rather then by granting it. This court is of the opinion that in opposing a motion for summary judgment, where an attorney submits an affirmation accompanied by documentary proof which creates a triable' issue of fact together with a satisfactory excuse for the failure to submit an affidavit by his or her client, summary judgment should be denied. This court is satisfied that the police report herein raises a triable issue of fact, and that the *1016 failure to locate the defendant was not deliberate. Accordingly, plaintiffs’ motion for summary judgment is denied.