■ LOUISE KONIK, Appellant, v CHAMPLAIN VALLEY PHYSICIANS HOSPITAL MEDICAL CENTER et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered August 25, 1981 in Clinton County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action. Plaintiff Louise Konik, an anesthesiologist licensed to practice in New York State, was formerly a member of Anesthesia Associates of Plattsburgh, P. C. (hereafter AAP), a professional corporation which provides anesthesiological services for defendant Champlain Valley Physicians Hospital Medical Center (hereafter CVPH). Early in 1978, Salem Bayoumy, M.D., was appointed chief of the anesthesiology department (hereafter department) of CVPH as a consequence of which certain problems allegedly arose within the department which resulted in plaintiff's withdrawal as a member of AAP. Moreover, since AAP is apparently the exclusive provider of anesthesiological services of CVPH, her withdrawal from AAP effectively ended her service at CVPH. With these circumstances prevailing, plaintiff commenced the instant action wherein she alleged that defendant Bayoumy was appointed chief of the department of anesthesiology in violation of the by-laws of CVPH and of the regulations of the department enacted under the by-laws and that this action constituted a breach by CVPH of a contract with plaintiff. Addition-

ally, she asserted that defendant Bayoumy, as chief of the department, treated her unfairly. As relief, she requested a judgment in the sum of $1,000,000. At Special Term, defendants' motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) was granted. This appeal ensued. We hold that the challenged order should be affirmed. In so ruling, we initially find without merit plaintiff's contention that the alleged appointment of defendant Bayoumy as chief of the department in violation of the by-laws of CVPH and the regulations of the department constituted a breach of contract for which plaintiff is entitled to money damages from defendants. Not only does a hospital's violation of its by-laws generally not provide a basis for a doctor's action for money damages (see *Yates v Cohoes Mem. Hosp.*, 64 AD2d 726, app dsmd 45 NY2d 836), but also a reading of the specific departmental regulation at issue here establishes that it relates to the procedures to be followed for the appointment of the chief of the department, but contains absolutely nothing which could provide a basis for an action by plaintiff for breach of contract. Similarly lacking in substance is plaintiff's remaining contention that the complaint alleges acts which impose liability upon the defendant directors of CVPH under section 717 of the Not-For-Profit Corporation Law. That section of the law merely establishes a standard of care for directors and officers in the exercise of their duties and provides no grounds for the instant action by plaintiff. Furthermore, sections 719 and 720 of the Not-For-Profit Corporation Law, which do establish rights of action resulting from specified types of misconduct by directors or officers, are plainly not applicable to the circumstances presented in this case. Order affirmed, with costs. Mahoney, P. J., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.