■ DONALD KEHN et al., Appellants, v COOLEY VOLKSWAGEN CORP., Appellant, and VOLKSWAGENWERK AG OF WOLFSBURG, GERMANY, Defendant and Third-Party Plaintiff-Respondent. CHESTER DEMERS, Doing Business as WARD'S AUTO BODY SHOP, Third-Party Defendant. — Appeals from an order of the Supreme Court at Special Term (Levine, J.), entered March 17, 1982 in Saratoga County, which granted Volkswagenwerk AG of Wolfsburg, Germany's motion for summary judgment. This is an action to recover for personal injuries sustained by plaintiff Donald Kehn as the result of a single-car accident. He was operating his 1974 Volkswagen when the driver's seat suddenly and unexpectedly tipped backwards, causing him to lose control of the vehicle. The accident then occurred and he sustained serious personal injuries. The vehicle was manufactured by defendant and third-party plaintiff Volkswagenwerk AG of Wolfsburg, Germany (VWAG). The vehicle, as manufactured, was equipped with a latch mechanism attached to the seat which allowed for easy access to the battery without removing the bolts and lower bracket assembly. The proof submitted attributes the accident to the front seat bracket being disconnected at two fastening points on the floor and the mounting brackets being improperly fastened with the bolts loose and the brackets inverted. The record also reveals that the vehicle had been involved in a serious accident several months prior to the present accident, requiring extensive repairs, including complete replacement of the driver's seat. These

repairs were made by third-party defendant Ward's Auto Body Shop (Ward's). In addition, 12 days before the accident in question, a battery located beneath the driver's seat was replaced by defendant Cooley Volkswagen Corp. (Cooley). The instant action was commenced against VWAG and Cooley alleging negligence and breach of warranty on the part of Cooley in failing to properly reinstall the seat bracket assembly following replacement of the battery, and VWAG's responsibility in negligence and strict products liability based upon a defective design of the seat bracket assembly. VWAG commenced a third-party action against Ward's alleging improper installation of the seat following the earlier accident. VWAG moved for summary judgment which Special Term granted on the ground that to require a manufacturer to guard against subsequent negligent repair of a product would turn the manufacturer into an insurer of the safety of its product. This appeal ensued. We are concerned with a motion for summary judgment. Consequently, it is incumbent on plaintiffs to submit factual matter of an evidentiary nature sufficient to raise a substantial issue of fact requiring a trial (*Zuckerman v City of New York,* 49 NY2d 557, 562; *Haig v Channing Co.,* 54 AD2d 992). Plaintiffs allege causes of action in strict products liability and in negligence based upon a defective design of the seat bracket assembly. A careful examination of the papers submitted by plaintiffs, however, fails to reveal any proof that the design in question was unsafe, that it would likely lead to subsequent negligent repairs or that the design had led to similar accidents in the past. Furthermore, the only proof on the cause of the accident appears in the report of an automotive engineer. It was stated in this report that "the accident was the result of the Cooley Motor's mechanic's negligence to complete the proper installation of the battery and also to reassemble the seat bracket as indicated by the manufacturer's specifications". The record also fails to reveal any evidence that VWAG should have foreseen any likelihood that its product would have been negligently repaired in the manner which occurred herein. Considering the record in its entirety, Special Term properly granted summary judgment (see *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471). The order should be affirmed. Order affirmed, without costs. Sweeney, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.