■ BRENDA K. EHRLICH, an Infant, by Her Mother, ELIZABETH WILLIAMS, et al., Respondents, v AETNA CASUALTY & SURETY COMPANY, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered October 12, 1982 in Ulster County, which granted plaintiffs' motion for summary judgment. On May 13, 1981, the infant plaintiff, Brenda Ehrlich, then two years old, was visiting at the home of her grandmother Charlotte Gordon in Wallkill, New York. While there, she was injured when she came in contact with a chain saw. Her mother, Elizabeth Williams, on September 19, 1981, commenced actions founded in negligence on behalf of Brenda and a derivative action on her own behalf against Charlotte Gordon and James F. Mereness. It was alleged therein that Mereness was an employee of Gordon and was using her chain saw to cut wood on the tailgate of his 1962 GMC truck, that as he cut the wood he loaded it onto the bed of the truck, that he had lifted Brenda up into the truck and that as he piled wood onto the truck he somehow activated the chain saw which came in contact with the infant's right hand and arm, thereby causing serious and permanent injuries. On November 6, 1981, the Aetna Casualty and Surety Company (Aetna), which had issued a liability policy on the Mereness truck, disclaimed coverage on the sole basis that its policy did not "afford coverage for the allegations contained in the complaint". A copy of that letter was forwarded to plaintiffs' attorneys. As a result, this action for a declaratory judgment seeking a declaration that the disclaimer was null and void and that Aetna must provide a defense for Mereness in the primary action was commenced. Aetna answered, conceding its issuance of a policy to Mereness on the 1962 GMC truck but asserting the affirmative defenses of noncoverage and lack of timely notice of the occurrence of the incident by its insured. Plaintiffs then moved for summary judgment and Special Term, in a bench decision, granted judgment, declared the disclaimer to be "void" and directed Aetna to provide a defense for Mereness in the primary action. On appeal, Aetna contends that Special Term erred in giving any consideration to the affidavits of plaintiff Williams and her

attorney because of their hearsay nature, that the bench decision and judgment were ambiguous and that the disclaimer should have been sustained. We address these issues *seriatim*. While it is true, as Aetna contends, that a motion for summary judgment may not ordinarily be credited unless the affidavits in support thereof shall be made by one having personal knowledge of the facts (CPLR 3212), Aetna does not contest the factual allegations surrounding the incident but rather places a different interpretation thereon. Though its insured was apparently the only eyewitness to the incident (Brenda was *non sui juris*), no affidavit from him was presented. Aetna, upon receipt of the complaint in the underlying actions, merely disclaimed on the theory that the allegations contained in the underlying complaint were outside the coverage of the insuring contract. In the within action, it added the defense of late notice as an affirmative defense. Even though a paucity of facts are presented and they are spawned from hearsay, they are not directly denied or disputed, so that, no facts sufficient to require a trial in this declaratory judgment action having been demonstrated, the court was entitled as a matter of law to grant judgment (CPLR 3212, subd [b]). Summary judgment should be granted in those cases where there are no true factual issues and it is reasonably certain that all of the facts can be established with due diligence without a trial (*Andre v Pomeroy*, 35 NY2d 361; *Yates v Cohoes Mem. Hosp.*, 64 AD2d 726). Accordingly, under the peculiar circumstances presented, Special Term could properly grant summary judgment in the declaratory judgment action. This case, by reason of its somewhat unusual circumstances, tactical aspects and limited facts, would have been better served had Special Term rendered a written decision.[*] However the bench decision and the order and judgment make clear the court's decision. The court determined that Aetna must defend Mereness in the primary action with the question of liability to await the trial's conclusion. By unmistakable import it found that Aetna's affirmative defense of late notice was waived. The correctness of this decision will be discussed later. As to the disclaimer issue, it is conceded that there was in effect on the date of the incident an insuring agreement wherein Aetna covered defendant Mereness under its "auto-rite" standard automobile liability policy issued for his GMC truck. Aetna contends that the policy did not afford coverage for the incident described in the complaint. Careful reading of the complaint discloses a claim that the incident and resulting injuries to the infant plaintiff occurred during the process of loading the wood upon the truck bed, an activity which is covered under the "use" and "loading and unloading" provisions of the policy (Definitions [C]; cf. *Wagman v American Fid. & Cas. Co.*, 304 NY 490; *Kozdranski Co. v Jamestown Mut. Ins. Co.*, 40 AD2d 187, affd 34 NY2d 542; *Hertz Corp. v Bellin*, 28 AD2d 1101, affd 22 NY2d 736; *Continental Cas. Co. v Duffy*, 26 AD2d 630; *Travelers Ins. Co. v Saunders & Sons*, 18 AD2d 126, affd 13 NY2d 1019). Moreover, it is well established that an insured's right to be accorded legal representation is a contractual right and this right exists even if debatable theories are alleged in the pleadings against the insured (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 325). As stated in *Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.* (297 NY 148, 154), an insurer's obligation to furnish its insured with a defense is heavy indeed and, of course, broader than its duty to pay. " 'The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insured to defend the question is not whether the injured party can maintain a cause of action against the insured, but whether he can state facts which bring the injury within the coverage. If he states such facts, the policy requires the

---

[*] Since the court rendered the relief sought, it was not required to state its grounds (CPLR 3001).

insurer to defend irrespective of the insured's ultimate liability' " (*International Paper Co. v Continental Cas. Co., supra,* p 327). Since the allegations of the underlying action are, on their face, within the compass of the risk covered by the policy, Aetna is obliged to assume the defense of that action (*Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., supra,* p 154). Accordingly, Special Term properly struck down the disclaimer and Aetna must provide its insured with a defense. The issue of the insurer's liability to pay must await the outcome of the underlying liability action (see *Prashker v United States Guar. Co.,* 1 NY2d 584, 590-591). Lastly, we deem the affirmative defense of late notice to have been waived. Such is found to have occurred where there is direct or circumstantial proof that the insurer intended to abandon the defense. Proof is provided here by Aetna's disclaiming solely upon the ground of lack of coverage and thereby waiving its affirmative defense of late notice (cf. *Schiff Assoc. v Flack,* 51 NY2d 692). Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.