■ In the Matter of the Estate of ORLANDO J. MAKUDERA, SR., Deceased. RANDALL L. REED et al., Respondents; PAUL P. BAILLARGEON, Appellant.—Mahoney, P. J. Appeal from an order of the Surrogate's Court of Chenango County (Ingraham, S.), entered October 17, 1984, which granted petitioners' motion for summary judgment and dismissed respondent's counterclaim.

On March 3, 1982, Orlando J. Makudera, Sr., died in an automobile accident in the Town of Norwich, Chenango County. The deceased was a resident of Rhode Island on the date of his death. He was survived by his wife, Pamela Makudera, and three minor children. Mrs. Makudera was appointed executrix of her husband's estate pursuant to his last will and testament. A retainer agreement was entered into among the executrix, respondent, a Rhode Island attorney, and petitioner Randall L. Reed, a Chenango County attorney, wherein the two attorneys agreed that all fees generated by claims or actions would be divided equally. Subsequently, respondent initiated a claim for workers' compensation benefits in Rhode Island and petitioner Reed commenced a civil action in the Federal District Court for the Northern District of New York.

When the case in Federal court was marked ready for trial, respondent advised petitioner Reed that he would be unable to attend the trial and agreed that local trial counsel should be retained. Petitioner Peter J. McBride was retained for that purpose. Thereafter, all three attorneys signed an agreement which specifically stated, "All attorney fees * * * will be split between [sic] the three of us in equal one-third shares. Attorneys' fees include any fee paid by Worker's Compensation carrier on their claim." The Federal action was settled for $200,000 and the compensation carrier's lien was compromised in the amount of $50,000. Respondent was paid a $25,000 legal fee for his services in connection with the compensation claims.

Ancillary probate proceedings were then commenced in the

Surrogate's Court of Chenango County for the disposition of the proceeds and approval of the settlement. After the ancillary probate proceeding was concluded, counsel fees were distributed in accordance with the agreement signed by all three attorneys. All legal fees, including the $25,000 paid to respondent, were added together and split in equal one-third shares. When respondent objected, claiming that the $25,000 compensation fee was not intended to be included in the gross fees to be divided, petitioners filed a petition in Surrogate's Court seeking an order directing distribution of counsel fees in accordance with the agreement among the attorneys. Thereafter, petitioners moved for summary judgment. Respondent opposed the motion by filing an affidavit of his attorney and the affidavit of the executrix. The Surrogate granted summary relief, after noting that the signed agreement relating to the division of all legal fees among the attorneys had been filed with petitioners' motion papers, and that no affidavit of respondent, the only individual other than petitioners who could have knowledge concerning the fee agreement, had been filed in opposition to the motion. This appeal by respondent ensued.

We affirm. Neither of the affidavits submitted in opposition to the motion for summary judgment in any way controverted the substance of the agreement among the attorneys regarding the distribution of fees. No affidavit from any person with personal knowledge of the contents of the agreement was filed with the court. The affidavit of the executrix merely recites that she was aware that $66,000 was to be deducted from the gross settlement of $200,000 in the Federal action. Nowhere in the affidavit does she mention the fee paid respondent for his services in connection with her compensation claim.

The party opposing a motion for summary judgment must demonstrate by admissible evidence the existence of a factual issue requiring a trial or tender an acceptable excuse for his failure to do so *(Zuckerman v City of New York,* 49 NY2d 557, 560). Bald conclusory allegations, even if believable, cannot serve to defeat a motion for summary judgment. Nor may affidavits by persons having no personal knowledge of the facts be utilized for that purpose *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Haig v Channing Co.,* 54 AD2d 992). Since there were no affidavits or other evidence submitted which controverted the written agreement among the parties, the order of Surrogate's Court must be affirmed.

Order affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.