■ THOMAS PALMIERI et al., Appellants, v MARIO M. CUOMO, as Governor of the State of New York, et al., Respondents.— Order, Supreme Court, New York County (Edward H. Lehner, J.), entered January 5, 1990, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs seek a permanent injunction requiring defendants to provide to each class member immediate and appropriate treatment for drug abuse and to each homeless drug abuser medically appropriate emergency housing that includes immediate drug treatment. While the court was sympathetic to the plaintiffs' needs, it dismissed the complaint for treatment on demand as not justifiable because no statute or regulation requires that such treatment be provided. We agree.

When there is no constitutional, statutory or regulatory basis for a claimed right, a court will not impose "its own policy determination upon its governmental partners" *(Klostermann v Cuomo,* 61 NY2d 525, 535). Mental Hygiene Law § 19.01 (b), while establishing an independent State Office of Alcoholism and Substance Abuse and setting forth goals, requires neither the State nor localities to provide treatment on demand. Legislative mandates cannot be inferred from "vague pronouncements concerning broad statutory goals" *(McQueen v Grinker,* 158 AD2d 355, 356). Similarly, Social Services Law § 364-a (3) imposes no requirement to provide drug treatment on demand.

Nor have plaintiffs established a duty to provide substance abuse treatment as a component of emergency housing. Administrative Directive No. 83 ADM-47 requires only that local social services districts assist homeless persons in obtaining housing and has never been interpreted to require any form of affirmative medical or drug treatment. Further, an administrative directive is not a source of rights and cannot grant or expand rights not authorized by statute or regulations *(see generally, Matter of Harbolic v Berger,* 43 NY2d 102). Nor do

administrative fair hearing decisions require immediate provision of affirmative medical treatment. As the agency's construction of their regulatory scheme and decisions is not irrational, unreasonable or contrary to law, they should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438).

Because Public Health Law § 2805-b (2) (a) covers only people who need acute care, plaintiffs have failed to establish a right to drug treatment on demand at hospital emergency rooms. As the trial court found, none of the individual plaintiffs alleged health emergencies other than their addiction and they made no claims that they were not examined or diagnosed when they presented themselves at the emergency rooms.

Nor have plaintiffs demonstrated a protected interest which would require a constitutional duty to provide a particular procedural process. As there is no constitutional right to treatment for drug abuse *(Smith v Follette,* 445 F2d 955), there has been no due process violation. Concur—Kupferman, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.