OPINION OF THE COURT
Harold Tompkins, J.
This proceeding raises the issue of the new workfare requirements for able-bodied individuals. It arises in the context of a challenge to the decision to terminate home relief benefits for failure to enter the workfare program.
Petitioner brings this proceeding to annul a determination of respondent New York State Department of Social Services. This determination was an appeal after a fair hearing from a determination of the New York City Department of Social Services. The State Department of Social Services’ determination upheld the New York City Department of Social Services’ determination to discontinue petitioner’s grant of public assistance benefits because petitioner refused wilfully and without good cause to comply with the employment requirements of the work experience program (W.E.P.), the workfare program.
Petitioner contends that he is exempt from the requirement of the W.E.P. since he was 19 years old and attending high school on a full-time basis when he was called in for a W.E.P. assignment. On January 29,1996, petitioner refused his W.E.P. assignment and the termination of his benefits is based on his refusal to accept the W.E.P. assignment. In his reply papers, petitioner explicitly states he does not controvert any of the factual findings of the respondent agencies. Rather, he challenges their legal interpretation of the social services statutes and regulations. He claims that he is eligible for the job opportunity and basic skills (J.O.B.S.) program and under that program, he is entitled to attend school full time and that the respondent agencies were required to accommodate his schedule.[1]
The respondent agencies note that petitioner is now 20 years old, is no longer on public assistance and is gainfully employed. *701 They seek dismissal of this petition on mootness grounds. Additionally, they assert that the petition should be dismissed on the merits since they contend petitioner’s failure to participate in the W.E.P. was without good cause and therefore his termination from public assistance was proper.
LEGAL ANALYSIS
Initially, the court notes since the petitioner is 20 years old and he is employed, he is no longer eligible for relief. Social Services Law § 106-b prohibits correction of underpayments for persons currently not eligible with exceptions not relevant to this petition. This serves the public interest by reserving scarce funds for those most in need. The petition is therefore moot as a matter of law since petitioner may not be reinstated as he is currently employed and he may not be awarded funds for any underpayment pursuant to Social Services Law § 106-b.
Additionally, the petition must be dismissed on the merits as a matter of law. The basis for this determination is the newly enacted amendments to the Social Services Law (L 1995, ch 81). As codified, it includes Social Services Law § 164 (1) which mandates that "employable persons receiving home relief shall be required to perform such work as shall be assigned to them by the social services official furnishing such home relief or by the commissioner of labor as hereinafter provided.”
It also states that participation in any activity under the J.O.B.S. program shall not relieve a recipient of any obligation under that section. The legislative history includes the Governor’s Approval Memorandum which states:
"With regard to welfare reform, this legislation enacts changes to our welfare system which emphasizes work, personal responsibility and temporary assistance instead of permanent dependence upon a system which can no longer support those who are in desperate need of assistance.
"This legislation will now require that all able bodied adults receiving Home Relief participate in Workfare. This requirement is designed to help prevent welfare recipients from falling into the vicious cycle of dependency on public assistance, and instead lead them down the road of achieving self sufficiency. To further accomplish this goal, the legislation will require the creation of new Workfare assignments in public and not-for-profit agencies, which will help employable welfare recipients develop the basic skills needed to enter the private sector work force.
"For those persons who choose not to comply with the Workfare requirements, this bill increases the sanctions that can be *702 imposed on Home Relief applicants in such a way that will help insure active participation in Workfare” (1995 McKinney’s Session Laws of NY, at 2301).
Under Social Services Law § 332 (1) (c), a person 16 years old or under 19 years old and attending a secondary, vocational or technical school full time is considered not employable and is exempt from work requirements. However, petitioner attained the age of 19 on November 5, 1995 and he was therefore not exempt when the City notified him of his W.E.P. work requirement and scheduled his appointment for this program.
It is well settled that the court should give appropriate deference to an administrative agency’s interpretation of the statutes that it administers unless it is irrational or arbitrary (see, Palmieri v Cuomo, 170 AD2d 283 [1st Dept 1991]).
The agency may go further than the statutory language. It may promulgate rules and implement them beyond the statute so long as the agency is acting consistent with legislative intent (see, Goodwin v Perales, 88 NY2d 383, 395-396 [1996]).
The underlying purpose of the new amendments to the Social Services Law reflects a fundamental change in the welfare system. The hallmark of the reformed welfare system is personal accountability. All those able to work are required to work. This serves the salutary goal of discouraging abuse by those able to work, encouraging self-sufficiency and teaching work skills through the workfare program to those individuals who previously merely received checks. The respondent agencies’ policies in setting up appointments for the W.E.P. are consistent with the legislative changes. Social Services Law § 164 (1) explicitly provides that the J.O.B.S. program and its educational components do not relieve a recipient of the workfare obligation. The respondent agencies did not have to accommodate the petitioner’s school schedule. Rather as a recipient of home relief, it was his obligation to accommodate himself and his schedule to the requirements of the workfare program.
The interpretation of the new statutory language and the regulations by the respondent agencies to require an able-bodied person to enter the workfare program is reasonable. This new priority given to the work requirement is grounded in the legislative intent of the new statute. It is legitimate for the respondent agencies to implement the new welfare reform statute by requiring individuals able to work to do so. Finally, it is proper for the agencies to interpret the statutory workfare requirement as having a higher priority than attending high school full time for a person over 18 years old in light of the *703 explicit statutory language that states the J.O.B.S. program which includes an educational component does not satisfy the new workfare requirements.
CONCLUSION
Since the agencies’ determination is clearly based upon the new welfare reform statutes which require able-bodied employable persons to participate, the court cannot find their determination to be either arbitrary or capricious. Their determination is rather a reasonable and appropriate execution of the statutory language.[2]
The petition is dismissed and the clerk shall enter judgment accordingly.

. The claims regarding article XI, § 1 of the State Constitution and Education Law § 3202 concerning the constitutional and statutory right to public education are not properly before the court since they were not raised in the administrative process. Additionally, they are without merit since the educational requirements do not preclude the requirements of Social Services Law § 164 (1).

. To the extent that the decision in Hesthag v Hammons (Sup Ct, NY County, index No. 403426/96) holds that the W.E.P. is satisfied by an educational program under the J.O.B.S. program, the statutory language is explicitly to the contrary and this court declines to follow Hesthag v Hammons.