■ RICHARD F. HASLAUER, JR., Respondent, v NORTH COUNTRY ADIRONDACK COOPERATIVE INSURANCE COMPANY, Appellant, and LINDA R. LOOFT, as Executor of JAMES W. ROBINS, Deceased, Respondent, et al., Defendant. [654 NYS2d 447] —Cardona, P. J. Appeal from an amended order and judgment of the Supreme Court (Tait, Jr., J.), entered March 21, 1996 in Madison County, which, inter alia, granted plaintiff's motion for summary judgment and declared plaintiff's rights under a policy of insurance issued by defendant North Country Adirondack Cooperative Insurance Company.

At the time pertinent to the subject action, plaintiff was the owner of a remote Adirondack summer camp in Herkimer County accessible only by water or by the tracks of the abandoned Adirondack Railroad. In order to access the camp, plaintiff used a homemade railcar on the rail tracks. Notably, a small motorcycle was bolted and bracketed to the side of the frame of the railcar in a fashion that its rear wheel was on a rail to provide power and braking to the railcar while its front wheel was suspended in the air. On August 16, 1991, plaintiff and his friend, James Robins, were en route to the camp on the railcar when it was involved in a collision with a much

larger railcar, resulting in the death of Robins. As a result, a wrongful death action against plaintiff was instituted by Robins' estate.

Plaintiff's camp was insured by a homeowners policy issued by defendant North Country Adirondack Cooperative Insurance Company. After being informed of the claims brought against plaintiff[1] and turning the investigation over to an insurance adjuster, North Country disclaimed coverage under the policy on the ground that the homemade railcar was allegedly a "motor vehicle" within the definition of the policy for use on a public road and was, therefore, excluded from liability coverage.[2] Plaintiff thereafter commenced this action seeking, *inter alia,* defense and indemnification in the underlying lawsuit and a declaration of the parties' rights and obligations under the policy. In its answer to the complaint, North Country raised the affirmative defenses of late notice to it of the pending wrongful death action and also illegal conduct by plaintiff in using the railroad tracks without permission. Subsequently, plaintiff and North Country cross-moved for summary judgment. Supreme Court granted plaintiff's motion and North Country appeals.

We affirm. Initially, we find no error in Supreme Court's dismissal of North Country's affirmative defenses of late notice and illegality. While it is true that North Country did mention these factors as possible justifications for a disclaimer in its letter dated May 26, 1992, a written reservation of an insurer is not a substitute for the required notice of disclaimer (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *All City Ins. Co. v Pioneer Ins. Co.,* 194 AD2d 424). North Country's formal disclaimer notice dated September 25, 1992 specifically stated that the disclaimer was based solely on an alleged lack of coverage due to the nature of the railcar; therefore, North Country waived the defenses of late notice or illegality (*see, Ehrlich v Aetna Cas. & Sur. Co.,* 95 AD2d 936, 938; *see also,*

---

1. The record indicates that plaintiff first informed his automobile insurer of the accident but was told that coverage would be denied because his railcar was not a motor vehicle designed to be used on public roads.

2. The policy defines a motorized vehicle as a "self-propelled land or amphibious vehicle * * * including parts and equipment". A "motor vehicle" is defined as "a motorized vehicle, trailer or semi-trailer (including any attached machinery or apparatus): 1) subject to motor vehicle registration; or 2) designed for use or travel on public roads". While motor vehicles are excluded from coverage, the policy also includes an "Incidental Liability and Medical Payments Coverage" provision which allows coverage for any "motorized vehicles designed exclusively for use off public roads and used principally to service the insured premises".

*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 863; *Aguirre v City of New York*, 214 AD2d 692, 693; *Fabian v MVAIC*, 111 AD2d 366, 367).

Turning to the coverage issue, we note that plaintiff maintains that North Country's formal disclaimer based on coverage was also untimely. Assuming, without deciding, that the disclaimer notice was timely, we find that Supreme Court correctly concluded, based upon the undisputed facts, that plaintiff's railcar was a motorized vehicle designed exclusively for use off public roads and was used principally to service the insured premises so as to bring the matter within the coverage of the "Incidental Liability and Medical Payments Coverage" provision of the subject policy. Although North Country argues that plaintiff's homemade railcar was in reality a motorcycle which towed a wooden platform, there is nothing in the record to support its comparison of the railcar to a sidecar or trailer on a motorcycle. At the time of the accident and for years prior thereto, the motorcycle was intended to and did serve only as the power and braking function of a flanged wheeled vehicle designed to function exclusively on railroad tracks. The motorcycle was not used for steering, and while the rear-wheel brake was used to brake the railcar, the hand-operated front-wheel brake did not even come in contact with the rail. Clearly, the motorcycle was not being utilized as a road vehicle, but rather as a component part of an exclusively off-road rail vehicle that could not function on a road and, therefore, was not subject to motor vehicle registration (*cf.*, *Woodman v Factory Mut. Liab. Ins. Co.*, 55 Misc 2d 750, 752, *affd on opn below* 31 AD2d 866).

It is further noted that any ambiguity in the policy must be construed against North Country, especially when such ambiguities are found in an exclusionary clause (*see, Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356, 361). Here, North Country failed to establish that the situation clearly fell within its exclusion and that no other interpretation was reasonable (*see, Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73-74). Therefore, we find no reason to disturb Supreme Court's determination.

The remaining arguments advanced by North Country have been examined and found to be unpersuasive.

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the amended order and judgment is affirmed, with one bill of costs.