Espinosa v Montefiore Med. Ctr. (2020 NY Slip Op 03975)





Espinosa v Montefiore Med. Ctr.


2020 NY Slip Op 03975


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Friedman, J.P., Oing, Singh, Moulton, JJ.


11396 22761/14E

[*1] Angel Espinosa, Plaintiff-Respondent,
v
Montefiore Medical Center, Defendant-Appellant.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellant.
Calano & Culhane, LLP, New York (Michael A. Calano of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about July 17, 2019, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff suffered a severe hand injury at work, requiring admission to defendant Montefiore Medical Center (Montefiore) to receive care that included surgery. After discharge, plaintiff was prescribed physical and occupational therapy for his hand, to be performed at Montefiore. The therapy was not commenced on the original date scheduled, however, due to a delay in plaintiff's medical insurer authorizing treatment. The complaint, which alleges that Montefiore was negligent in failing to timely commence outpatient hand therapy, fails to state a cause of action, as a medical provider generally has no duty at common law to accept any particular patient for treatment generally, or where there is no payment specifically (see Van Campen v Olean Gen. Hosp., 210 App Div 204 [4th Dept 1924], affd 239 NY 615 [1925]; see also Palmieri v Cuomo, 170 AD2d 283, 284 [1st Dept 1991], lv denied 78 NY2d [1991]).
Nor has plaintiff stated a cause of action pursuant to the Emergency Medical Treatment and Active Labor Act of 1986 (EMTALA) (42 USC § 1395dd). The treatment that Montefiore refused to begin was not for an emergent condition requiring admission, and its duty to plaintiff under EMTALA ended when his condition stabilized during the original admission (see Bryan v Rectors & Visitors of Univ. of Virginia, 95 F3d 349, 352 [4th Cir 1996]; Thornton v Southwest Detroit Hosp., 895 F2d 1131, 1134 [6th Cir 1990]). EMTALA was designed to prevent hospitals from either turning down or "dumping" indigent patients, and is not a measure intended to require hospitals to provide long-term, non-emergency care for uninsured patients (id.).
As for plaintiff's argument that he stated a claim pursuant to Public Health Law § 2805-b, that statute does not provide a private right of recovery for monetary damages (see Cygan v Kaleida Health, 51 AD3d 1373 [4th Dept 2008]; Quijije v Lutheran Med. Ctr., 92 AD2d 935 [2d Dept 1983], appeal dismissed 59 NY2d 1025 [1983]; Yates v Cohoes Mem. Hosp., 64 AD2d 726 [*2][3d Dept 1978], appeal dismissed 45 NY2d 838 [1978]). In any event, even if the statute were to permit such a private right, plaintiff's condition, which did not require immediate need of hospitalization, would not trigger the provision's application.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK