OPINION OF THE COURT

Per Curiam.

Judgment entered July 8, 1977 (Whitman, J., with a jury) affirmed, with $25 costs.
Plaintiff initiated this action to recover the aggregate sum of $5,452 predicated upon defendant’s purported breach of a contract dated January 6, 1971. Under the terms of the contract the defendant was to install a "sprinkler valve alarm system” upon plaintiffs premises, the components of which system were to remain the property of the defendant. The alarm system was to monitor both water released by sprinklers and the water level in a large rooftop wooden water tank, which served as a secondary source of water for the sprinkler system. Plaintiff asserted a failure of the alarm system resulted in damage to the rooftop water tank.
The court charged the jury that under certain limitations of liability clauses in the contract, if the jury found in favor of the plaintiff on the issue of liability it should award no more than $250 in damages. The jury rendered a verdict in that amount for the plaintiff.
The sole issue on this appeal is the propriety of the trial court’s charge which limited defendant’s exposure in damages to $250. The pertinent paragraphs of the January 6, 1971 contract are paragraphs 4 and 5 which in bold face type provide:
"4. It is understood that the contractor is not an insurer, that insurance, if any, shall be obtained by the subscriber and that the amounts payable to the contractor hereunder are based upon the value of the services and the scope of liability as herein set forth and are unrelated to the value of the subscriber’s property or the property of others located in subscriber’s premises. The subscriber does not desire this contract to provide for full liability of the contractor and agrees that the contractor shall be exempt from liability for loss or damage due directly or indirectly to occurrences, or consequences therefrom, which the service is designed to detect or avert; that if the contractor should be found liable for loss or damage due to a failure of service in any respect, *336 its liability shall be limited to a sum equal to ten percent of the annual service charge or $250, whichever is the greater, and that the provisions of this paragraph shall apply if loss or damage, irrespective of cause or origin, results directly or indirectly to person or property from performance or nonperformance of obligations imposed by this contract or from negligence, active or otherwise, of the contractor, its agents or employees.
"5. If during the life of this contract subscriber desires contractor to assume liability beyond that indicated above, a rider to this contract will be entered into by the parties hereto providing for contractor’s additional liability and subscriber will agree to pay the contractor such additional service charges as are consonant with contractor’s additional cost, in which event clause No. 4 above will be null and void, provided however, that such rider and additional obligation shall in no way be interpreted to hold contractor as an insurer.”
$250 represented a sum greater than 10% of the annual service charge under the contract.
The plaintiff argues that the limitation of liability continued in the above-quoted paragraphs violates section 5-323 of the General Obligations Law. That section bears the heading "Agreements exempting building service or maintenance contractors from liability for negligence void and unenforceable” and provides: "Every covenant, agreement or understanding in or in connection with or collateral to any contract or agreement affecting real property made or entered into, whereby or whereunder a contractor exempts himself from liability for injuries to person or property caused by or resulting from the negligence of such contractor, his agent, servants or employees, as a result of work performed or services rendered in connection with the construction, maintenance and repair of real property or its appurtenances, shall be deemed to be void as against public policy and wholly unenforceable.”
A threshold question is whether section 5-323 of the General Obligations Law is applicable to the January 6, 1971 contract. Defendant argues that it is not because under the terms of the contract the components of the alarm system remain the property of the defendant, and the service aspect of the contract is addressed to the maintenance of those components rather than to "maintenance and repair of real property or its appurtenances” (§ 5-323). Defendant cites in support of that *337 argument Public Serv. Mut. Ins. Co. v Royal Burglar & Fire Alarm (90 Misc 2d 517). That case involves a failure of the defendant to report signals indicating an illegal entry into the plaintiffs premises. In concluding that section 5-323 did not proscribe a limitation of liability clause in the contract there at issue the court noted that the alarm system in question remained the property of the defendant and was not a fixture or appurtenance to real property of the plaintiff.
In the instant case, however, we are dealing with a fire alarm system not a burglar alarm system, and the former almost by definition involves a service rendered in connection with "maintenance and repair of real property or its appurtenances”, to wit, the host building and its appurtenances. We conclude therefore that section 5-323 is indeed applicable to the instant contract (but see Chief Judge Desmond’s dissent in Melodee Lane Lingerie Co. v American Dist. Tel. Co., 18 NY2d 57).
The question remains whether the limitation of liability clauses of the January 6, 1973 contract are violative of section 5-323. As to that question, the case of Melodee Lane Lingerie Co. v American Dist. Tel. Co. (supra) appears to be dispositive.
In Melodee Lane the plaintiff sought to recover for water damage to property. The damage occurred when a sprinkler head located on plaintiff’s premises, which are covered by an alarm system, gave way releasing water. Named as one of defendants was American District Telegraph Company ("ADT”), who was charged with negligence in making repairs to the alarm system which was designed to give warning of escaping water. ADT’s contract contained a limitation of liability clause which was held by the Court of Appeals to be violative of section 235 of the Real Property Law (now General Obligations Law, § 5-323). In so holding, however, the Court of Appeals noted (p 69):
"In the absence of statute, a contracting party such as ADT could exempt itself from the consequences of its own ordinary negligence if the language so specifies (Ciofalo v. Vic Tanney Gyms, 10 N Y 2d 294), and, notwithstanding a statute such as former section 235 of the Real Property Law, it is possible for parties to limit their liability provided that there is a voluntary choice of obtaining full or limited liability by paying under a graduated scale of rates proportioned to the responsibility in transportation or other service rendered * * *
"[S]uch an option must be given to the other contracting *338 party in the face of such a statute as former section 235 of the Real Property Law in order to constitute it a valid limitation rather than an exemption of liability which that statute forbade.”
The limitation of liability clauses at issue in the January 6, 1973 contract seem very much tailored upon the 1966 decision of the Court of Appeals in Melodee Lane Lingerie Co., and as such is wholly enforceable. Accordingly, the trial court properly charged the jury as to the limited exposure of the defendant in damages.
Concur: Dudley, P. J., Tierney and Asch, JJ.