OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The contract provided that "The sole duty of the Contractor is to notify the Police Department and the Subscriber by calling on the telephone if a signal is received in the Central Station which might indicate illegal entry” (par 4) and that "the Contractor assumes no responsibility whatsoever for the *795 condition of said Police Alarm transmitter or for any loss sustained by the Subscriber through burglary or through any other cause, during the period within which the contract is in force. It is agreed that the Contractor is not an insurer and that the payments hereinbefore named are based solely on the value of the service described and, in case of failure to perform such service and a resulting loss, the Contractor’s liability hereunder shall be limited to and fixed at the sum of Fifty Dollars ($50.00) as liquidated damages and not as a penalty, and this liability shall be exclusive” (par 7).
Despite its erroneous reference to "liquidated damages” (see Rinaldi & Sons v Wells Fargo Alarm Serv., 39 NY2d 191, 197), defendant’s contract, unlike the sprinkler contract involved in Melodee Lane Lingerie Co. v American Dist. Tel. Co. (18 NY2d 57), is not one "affecting real property” or for "services rendered in connection with the construction, maintenance and repair of real property” within the meaning of section 5-323 of the General Obligations Law. Defendant was, therefore, free to limit its liability (ibid.; Ciofalo v Vic Tanney Gyms, 10 NY2d 294) without offering a greater liability for a greater charge, subject only to the requirement that the limitation be not so obscured (as, for example, a baggage check not in usual contract form, see Klar v H. & M. Parcel Room, 270 App Div 538, affd 296 NY 1044; Howard v Handler Bros. & Winell, 279 App Div 72, affd 303 NY 990) as to make it probable that it would escape plaintiffs’ attention. Here the type in which the contract was printed is uniform in size and contained entirely on the face of one sheet of paper, and there are no paragraph headings or subtitles that could mislead a reader. If plaintiffs read the contract at all they were aware of the limitation, and the law’s teaching since Pimpinello v Swift & Co. (253 NY 159) has been that if they could read it, the fact that they did not is immaterial, absent evidence of fraud.
In this commercial setting, where the language of the limitation is clear, there is no necessity to "resort to a magnifying glass and lexicon” (see Gross v Sweet, 49 NY2d 102, 107), no governing statute and no special relationship between the parties that would warrant relieving plaintiffs of their contract. The Appellate Division’s direction of summary judgment for plaintiffs in the amount of $50 was, therefore, correct.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.