■ ANTICAL CHEMICALS, INC., et al., Respondents, v WESTINGHOUSE SECURITY SYSTEMS, INC., et al., Appellants, et al., Defendant. (Appeal No. 1.) — Order unanimously reversed, without costs, and motion granted in accordance with the following memorandum: Plaintiffs, the lessor and owner respectively of a warehouse in Rochester, New York, seek to recover $600,000 in damages sustained when the warehouse and its contents were consumed by fire in 1977, allegedly because of the failure of a fire alarm system. Defendant Westinghouse Security Systems, Inc., installed the system in 1972 for a charge of $3,070, and it was owned by plaintiff Antical. As designed, the system provided warning by sensors that activated a siren on the building. At the election of the purchaser, the sensors were also connected to a communications center by telephone lines where signals were received. The signals were monitored at the center by personnel who relayed the alarm to the fire department when necessary. As part of the purchase contract, Westinghouse agreed to select a communications center to provide monitoring service for plaintiffs, and defendant Tel Page Corp. was selected for that purpose. It continued to monitor plaintiffs' system until the time of the fire. Westinghouse's only warranty was to correct any defects of workmanship or materials for a period of one year after completion of the installation which ended October 10, 1973, and it expressly disclaimed any responsibility for the operation of the communications center. Plaintiff Antical also contracted with Westinghouse on a yearly basis for certain maintenance work by it and for the monitoring service. In 1976 Westinghouse transferred all its contracts in the Rochester area to defendant W.S.S. Systems, Inc. W.S.S. executed similar annual agreements with plaintiff Antical to maintain the system and to continue the monitoring service at the communications center. W.S.S.' annual service contracts expressly exempted it from any liability to plaintiffs for "special, indirect or consequential damages" resulting from the malfunction of the system. Plaintiffs' complaint alleges four causes of action against defendants: (1) breach of contract for failure to provide a communication center service that would notify the fire department in event of fire, (2) breach of contract for failure to use due care in the selection of the communication center, (3) the negligent selection of a communication center by Westinghouse and W.S.S. and (4) negligent failure of defendants to notify the fire department after receiving the appropriate signal. Plaintiffs subsequently discovered evidence which they believe indicates that the fault was in transmitting the alarm to the communications center rather than in reading the signal and transmitting it to the fire department. Accordingly, they moved to amend their complaint to allege causes of action charging defendants Westinghouse and W.S.S. with negligently selecting, installing and maintaining the alarm

system. Special Term granted the motion to amend directing service of an amended complaint within 20 days. Plaintiff failed to serve the amended complaint on time because of law office failure and the court thereafter, upon motion by plaintiffs, extended the time for amendment further. Defendants Westinghouse and W.S.S. have moved for partial summary judgment on all causes of action asserting as a defense that the contract of sale and the annual service agreements limit their liability to the total amount paid by plaintiff Antical to defendant Westinghouse under the agreements. Defendant Westinghouse also moved to dismiss the first and fourth causes of action because the negligent failure to notify the fire department, if any, after receiving a signal was solely the fault of Tel Page, citing the provision in the contract by which it disclaimed any responsibility for monitoring signals, the operation of the communications center or the transmission of signals from the premises to the center or from the center to the fire or police departments. It also asserts that defendant W.S.S. Systems, Inc., was not its agent and at the time of the fire it had none in Rochester through whose conduct it could be held liable for failure to provide a communication center service (first cause of action) or for failure to notify the fire department after receiving an appropriate signal (fourth cause of action). Special Term denied the motion for summary judgment, holding that the clause limiting liability was void because it violated section 5-323 of the General Obligations Law in that the contractors had exempted themselves from liability caused by their negligence as a result of work performed or services rendered in connection with the construction mainte-nance and repair of real property or its appurtenances. It failed to rule specifically on the motion to dismiss the first and fourth causes of action. Similar clauses limiting liability have been held unenforceable because of section 5-323 when executed in connection with contracts for installing and maintaining sprinkler systems (*Melodee Lane Lingerie Co. v American Dist. Tel. Co.,* 18 NY2d 57; *80-82 Greene St. Corp. v AFA Protective Systems,* 100 Misc 2d 334 [App Term]). Sprinkler systems may legitimately be considered appurtenances of real property, however, whereas it has been held that contracts for installing and maintaining alarm systems are not contracts "affecting real property" or for "services rendered in connection with the construction, maintenance and repair of real property" within the meaning of section 5-323 of the General Obligations Law (*Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793; see, also, *Rinaldi & Sons v Wells Fargo Alarm Serv.,* 39 NY2d 191). The defense of defendants Westinghouse and W.S.S. limiting their liability on all causes of action because of the provisions in their contract is therefore valid. Nothing in the record suggests that defendant Westinghouse had any agents operating in Rochester at the time of the fire or that its disclaimer of responsibility for acts of Tel Page is unenforceable and its motion to dismiss the first and fourth causes of action is also granted. Special Term's order granting extension of the time to submit an amended complaint is affirmed. The original application to amend contained a showing of merit with a proposed amended complaint annexed. There was therefore a sufficient basis to grant the application in the first instance and no prejudice to defendant in granting the extension after a default of only eight days, and the court did not abuse its discretion in doing so. Notably, this was not an application made to extend the time to avoid a dismissal pursuant to CPLR 3012 (subd [b]) (see *A & J Concrete Corp. v Arker,* 54 NY2d 870). The motion here involved ongoing litigation in which the complaint had been served, discovery proce-dures had and a motion to amend the complaint properly made and granted with a 20-day limitation imposed by the court. The court having set the 20 days for service was at liberty under the circumstances set forth here to extend

it. Nor did the court's order improperly extend the time for commencement of an action. The additional causes of action in the amended complaint arose out of the same occurrences as those in the original complaint and the original complaint gave defendants notice of them (see CPLR 203, subd [e]). (Appeal from order of Supreme Court, Monroe County, Mastrella, J. — summary judgment.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.