■ CORPORATE LEASING, INC., Doing Business as ESKAY KNITWEAR, Respondent-Appellant, v AFA PROTECTIVE SYSTEMS, INC., Appellant-Respondent. — Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered March 25, 1983, which denied plaintiff's motion to dismiss defendant's first and second affirmative defenses and which did not address defendant's cross motion for summary judgment and order of the Supreme Court, New York County (Kenneth L. Shorter, J.), entered August 23, 1983 which, upon reargument, denied defendant's motion for summary judgment, modified, on the law, to grant defendant's motion for summary judgment, and otherwise affirmed, without costs. ¶ Defendant (AFA) entered into an agreement with the landlord to provide sprinkler alarm supervisory service to particular premises. This did not include the obligation to maintain the building's sprinkler system. Plaintiff later became a tenant in the premises. Thereafter, the sprinkler system became activated. AFA allegedly failed either to receive or to properly respond to the alarm which should have resulted from the system's activation, thereby causing and/or aggravating water damage to plaintiff's property. ¶ Summary judgment should be granted to AFA and the complaint dismissed, as plaintiff has neither established the elements constituting actionable negligence nor that it was entitled to recover on the basis of the contract between the landlord and AFA. ¶ There was no duty owing from AFA to plaintiff. While AFA owed a contractual duty to the landlord, plaintiff, as a tenant, was merely an incidental beneficiary on whom, as the provisions of the contract indicate, the parties did not intend to confer a benefit (*Moch Co. v Rensselaer Water Co.,* 247 NY 160; *Tidy House Paper Prods. v Automatic Fire Alarm Co.,* 281 App Div 1036; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760). AFA's alleged dereliction was in the nature of nonfeasance, i.e., the failure to perform rather than misfeasance, i.e., negligent performance. Hence it incurred no liability toward plaintiff, an unintended and incidental beneficiary of the contract (*Rosenbaum v Branster Realty Corp.,* 276 App Div 167; *Melodee Lane Lingerie Co. v American Dist. Tel. Co.,* 18 NY2d 57). Concur — Carro, J. P., Asch, Bloom, Fein and Alexander, JJ.