■ SANIF, INC., Respondent, v FRANCESCA IANNOTTI, Doing Business as BOSTON WILSON CO., et al., Defendants, and PROTECTION PEOPLE, INC., Appellant.—In an action to recover the value of property stolen from the plaintiff's place of business, the defendant, the Protection People, Inc., appeals from so much of an order of the Supreme Court, Queens County (Hyman, J.), dated August 8, 1983, as denied its cross motion for partial summary judgment limiting its liability to 10% of its contract price, i.e., $18.

Order reversed, insofar as appealed from, on the law, with costs, and the defendant the Protection People, Inc.'s motion for partial summary judgment granted.

The plaintiff subscribed to a burglar alarm monitoring service operated by the appellant. On November 5, 1982, a burglary apparently occurred at the plaintiff's business premises, resulting in the loss of merchandise valued at $25,000. Thereafter, the plaintiff brought suit against the appellant and other named defendants. With respect to the appellant, the complaint alleges that the loss sustained in the burglary was caused by its negligent failure to perform its contractual duty to monitor and report a signal indicating an illegal entry.

The burglar alarm monitoring service contract contained an exculpatory clause, which reads: "It is understood and agreed by the parties hereto that the Company is not an insurer, and that insurance, if any, covering personal injury or property loss or damage on Subscriber's premises, if desired, shall be obtained and paid for by the Subscriber, that the Company is being paid only to monitor a security system designed to reduce certain risks of loss and that the amounts being charged by the Company are not sufficient to guarantee that no loss will occur, that the Company is not responsible for any losses which may occur even if due to the Company's negligent performance or failure to perform any obligation under this agreement. The Company does not make any representation or warranty, including any implied warranty of merchantability or fitness, that the system installed by, or services supplied by the Company may not be compromised, or that the services will in all cases provide the protection for which it is intended."

The contract also contained a limitation of liability clause which provided that: "Buyer understands and agrees that if

Company should be found liable for loss or damage due from failure of Company to perform any of the obligations herein, including, but not limited to, installation, warranty service, or the failure of the system or equipment in any respect whatsoever, Company's liability shall be limited to 10% of the installation price or Two Hundred Fifty ($250.00) Dollars, whichever is lesser, as liquidated damages and not as a penalty and this liability shall be exclusive, and that provisions of this section shall apply if loss or damage, irrespective of cause of origin, results directly or indirectly to persons or property, from performance or non-performance of the obligations imposed by this contract, or from negligence, active or otherwise, of the Company, its agents, assigns or employees."

Based on the aforenoted clauses, the appellant cross-moved for partial summary judgment limiting its liability to $18, i.e., 10% of the total price of the burglar alarm monitoring service contract. In opposition to the appellant's cross motion, the plaintiff contended that the limitation of liability clause was against public policy, that the appellant could not take shelter under said clause from its own negligence, and that the agreement was not explained to the plaintiff's secretary at the time the contract was signed. Special Term erred in denying the appellant's cross motion for partial summary judgment.

Exculpatory clauses in burglary alarm service contracts, which are intended to insulate the party obligated to provide the service from liability or to limit its liability for damages resulting from its own negligence, have consistently been held enforceable when expressed in clear and unequivocal language *(see, Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793; *Dubovsky & Sons v Honeywell, Inc.,* 89 AD2d 993; *Rinaldi & Sons v Wells Fargo Alarm Serv.,* 47 AD2d 462, *revd on other grounds* 39 NY2d 191; *see also,* Ann., 42 ALR2d 591). Despite the erroneous reference to "liquidated damages", the clause relied upon by the appellant can be construed as one providing for limited liability *(see, Florence v Merchants Cent. Alarm Co., supra; Rinaldi & Sons v Wells Fargo Alarm Serv.,* 39 NY2d 191, *supra).* Here the language of the limitation was clear and was not so obscured in the contract as to make it probable that it would escape the plaintiff's attention. In this commercial setting, no governing statute, no overriding public interest and no special relationship between the parties exists which would warrant relieving the plaintiff of its contract *(see, Florence v Merchants Cent. Alarm Co., supra; Dubovsky & Sons v Honeywell, Inc., supra).*

Furthermore, absent evidence of fraud, the fact that the

limitation of liability clause was not explained to the plaintiff's officer at the time the service contract was signed does not render the clause invalid *(see, Florence v Merchants Cent. Alarm Co., supra; Da Silva v Musso,* 53 NY2d 543, 550; *Pimpinello v Swift & Co.,* 253 NY 159). Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.