■ APPLIANCE ASSOCIATES, INC., et al., Appellants, v DYCE-LYMEN SPRINKLER CO., INC., et al., Defendants, and SONITROL SECURITY SYSTEMS OF BUFFALO, INC., Respondent.—Order unanimously modified on the law and as modified affirmed with costs to plaintiffs, in accordance with the following memorandum: Special Term erred in granting defendant, Sonitrol Security Systems of Buffalo, Inc., summary judgment dismissing plaintiffs' cause of action for breach of contract.

Plaintiffs, the tenant and owners of a commercial building, allege that after closing hours on January 14, 1981, water flowing from a burst sprinkler pipe caused extensive damage and interrupted the tenant's business operations. Sonitrol, which had installed a sound detection security system in the building, had represented that its "highly sensitive microphones" could detect the sound of dripping or running water. Plaintiffs contend that Sonitrol failed to detect or report the break and that its failure aggravated their damages. Plaintiffs' tort cause of action for negligent failure to detect the burst sprinkler pipe was properly dismissed. Sonitrol owed no duty toward plaintiffs which would support a claim of tort liability since its alleged dereliction was in the nature of nonfeasance rather than misfeasance (see, Melodee Lane Lingerie Co. v American Dist. Tel. Co., 18 NY2d 57; Corporate Leasing v AFA Protective Sys., 101 AD2d 768).

Plaintiffs have raised questions of fact, however, regarding their status as beneficiaries of the contract, which preclude the granting of full summary judgment. There are unresolved issues of fact relating to the existence of a contract at the time of the loss and the identity of the parties thereto. Although plaintiffs concede that the original contract was between Sonitrol and a trust which then owned the building, the record establishes that Sonitrol was aware that the trust, the present owners, and the tenant were related entities and made representations to them concerning the effectiveness of its security system. Moreover, the trust was dissolved in April 1980 and it appears that its contract terminated on or before October 17, 1980, three months prior to the loss.

We note, however, that even if plaintiffs establish the existence of a contractual obligation, a liquidated damages clause contained in the contract limits the extent of Sonitrol's liability. Plaintiffs' claim that the limitation of liability clause is void as contrary to public policy under General Obligations Law § 5-322.1 is without merit. It is settled that alarm service contracts are not invalid under section 5-322.1 since such contracts bear no relation to the construction, alteration, repair or maintenance of a building (cf. Florence v Merchants Cent. Alarm Co., 51 NY2d 793; Antical Chems. v Westinghouse Sec. Sys., 86 AD2d 768, appeal dismissed 56 NY2d 645). (Appeal from order of Supreme Court, Erie County, Broughton, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Schnepp, JJ.