(December 3, 1987)

CEDRIC HAIGLER, Respondent, v CITY OF NEW YORK et al., Defendants, and MAG INVESTIGATION AND SECURITY CORPORATION, Appellant.—Order of the Supreme Court, New York County (David B. Saxe, J.), entered March 31, 1987, which denied the motion by defendant MAG Investigation and Security Corporation for summary judgment dismissing the complaint as against it, is unanimously reversed, on the law, with costs and disbursements, the motion granted and the complaint dismissed as against movant.

The complaint herein alleges that on July 10, 1985, plaintiff Cedric Haigler sustained personal injuries when, while standing in front of 222½ East 122nd Street, in Manhattan, he was struck by a metal object thrown from the building. In his affidavit opposing the instant motion plaintiff averred, upon information and belief, that the object was thrown from the roof of the building. He further averred that there had been a long history of objects being thrown from the roof of the building.

Prior to the incident, defendant MAG had entered into a service agreement, dated August 15, 1981, with the managing agent of the building, Yunque Development Corp., to furnish uniformed security guard service. The service agreement provided, *inter alia:*

"7. MAG shall hold the CLIENT harmless from all liability, loss, cost or damage form *[sic]* claims for injuries or death from any cause, while on or near the project, of its employees or by reason of claims of any person or persons for injuries to person or property, from any cause occasioned by any act or omission of MAG, its representatives or employees, including but not limited to invasion of privacy, harassment and false detention or arrest, and whether or not it is contended the CLIENT contributed thereto in whole or in part, or was responsible therefor by reason of non-delegable duty* * *

"12. MAG's liability under this Agreement shall be strictly limited to damage or injury directly resulting from the ordinary negligence, gross negligence or wilfull *[sic]* conduct or

acts of guards or supervisors at the job site or subject premises only on the dates and at the times assigned by the management of MAG. Under no circumstances shall MAG be liable in any way for the following acts, without limitation: acts between third parties in areas not assigned for patrol by guards or supervisors, dangerous conditions which exist on the job site or subject premises not brought to the attention of MAG by CLIENT and not reasonably detectable by MAG".

Assuming, arguendo, that all of plaintiff's allegations are true, i.e., that he was hit by a metal object that came from the roof of the building; that defendant had a contractual obligation to prevent persons from throwing objects from the roof; and that defendant was on notice for an extended period of time before this incident that objects were constantly being thrown from the roof and other portions of the building, the Supreme Court should have, nevertheless, granted summary judgment to defendant.

Defendant MAG owed no duty to plaintiff which would support a claim of tort liability, since its alleged dereliction was in the nature of nonfeasance, i.e., the failure to prevent the injury pursuant to its agreement, rather than misfeasance or negligent performance *(Corporate Leasing v AFA Protective Sys.,* 101 AD2d 768). The contractual undertaking by defendant, by its terms, was clearly only intended to benefit the "Client", i.e., the building's managing agent. There was no provision specifically creating an obligation to plaintiff as a member of the general public. The duty assumed by defendant to benefit its "Client" does not extend to third parties who are not intended beneficiaries of the undertaking to perform. This is true even if it is foreseeable that a third party might be injured by the nonfeasance *(Corporate Leasing v AFA Protective Sys., supra; Oathout v Johnson,* 88 AD2d 1010).

As noted, the contract specifically states that MAG agrees to "hold the CLIENT harmless from all liability * * * from any cause * * * of its employees * * * by reason of claims of any person or persons for injuries * * * occasioned by any act or omission of MAG" (emphasis added). This "hold-harmless" clause does not create a legal duty running from MAG to the general public. Consequently, absent a legal duty, the complaint must be dismissed against MAG by respondent for failure to state a cause of action. "The law demands * * * that the damaged plaintiff be able to point the finger of responsibility at a defendant owing, not a general duty to society, but a specific duty to him" *(Johnson v Jamaica Hosp.,* 62 NY2d 523, 527). Concur—Murphy, P. J., Ross, Asch and Smith, JJ.