■ VIRGINIA FAILLA, Plaintiff, v A. F. A. PROTECTIVE SYSTEMS, INC., et al., Appellants; ZAMAR REALTY CORP., Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, the defendants A. F. A. Protective Systems, Inc. (hereinafter AFA) and Robert Abrew appeal from an order of the Supreme Court, Westchester County (Dachenhausen, J.), dated July 22, 1987, which denied their motion for summary judgment on their second cross claim for indemnification against the defendant Zamar Realty Corp. (hereinafter Zamar), and for summary judgment dismissing Zamar's cross claim for contribution from them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, Zamar's cross claim against AFA and Abrew is dismissed, and AFA and Abrew are awarded summary judgment on the issue of liability on their cross claim against Zamar for contractual indemnification.

The plaintiff seeks to recover for damages caused when she slipped on ice on the sidewalk near the premises of the defendant Zamar. The defendant Abrew, an employee of the defendant AFA, was, at the time, on the Zamar premises

replacing a water flow switch pursuant to a contract with Zamar for installation and maintenance of a "sprinkler alarm". In order to replace the switch, Abrew drained the sprinkler pipes, thereby allegedly causing water to flow onto the sidewalk, which later froze, and, in turn, caused the plaintiff to fall.

The contract between AFA and Zamar contains a limitation of liability clause governing occurrences which the alarm system was designed to detect or avert. It also contains a broad indemnification clause whereby Zamar agreed to hold AFA and its employees harmless against "any claims, suits, losses, demands and expenses arising from any death of or injury to any person * * * occasioned * * * [by AFA's] performance * * * under this agreement, whether due to * * * negligence or otherwise". AFA and Abrew have cross-claimed against Zamar for full indemnification for any recovery obtained against them by the plaintiff or other codefendants and for reasonable attorney's fees. They now seek summary judgment on their cross claim against Zamar for indemnification. That motion should have been granted (see, Blair v County of Albany, 127 AD2d 950).

Zamar makes no claim that the occurrence giving rise to this litigation is beyond the scope of the indemnification clause. It instead claims that the clause is violative of General Obligations Law § 5-323, which renders void any provision in a contract "affecting real property" which exempts the contractor from liability for injuries resulting "from the negligence of such contractor * * * as a result of work performed or services rendered in connection with the construction, maintenance and repair of real property or its appurtenances". Aside from case law holding that limitations of liability in "alarm" contracts are not barred by General Obligations Law § 5-323 (see, Antical Chems. v Westinghouse Sec. Sys., 86 AD2d 768, appeal dismissed 56 NY2d 645; but cf., Melodee Lane Lingerie Co. v American Dist. Tel. Co., 18 NY2d 57, rearg denied 18 NY2d 751), it appears that one of the purposes of the statute on which Zamar relies is to encourage proper servicing of appurtenances to real property (see, St. Vincent's Med. Center v Vincent E. Iorio, Inc., 78 Misc 2d 968). AFA and Abrew do not, by reliance on the indemnification clause, seek to exempt themselves from liability for negligent maintenance or repair. Rather, they seek to enforce a contractual provision by which Zamar, in effect, became their insurer against liability to third parties for conduct which, although engaged in while performing the contract, had nothing to do with either the quality of

their work or the functioning of the system they had installed *(cf., Board of Educ. v Valden Assocs.,* 46 NY2d 653). Zamar advances no ground upon which to premise a conclusion that the indemnification clause to which it agreed is unenforceable *(cf., Austro v Niagara Mohawk Power Corp.,* 66 NY2d 674). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.