■ Northbrook Property & Casualty Insurance Company, as Subrogee of A.P. Enterprises/Zenex Electronics International, et al., Appellants, v D.J.L. Warehouse Corp., Defendant, and Holmes Protection, Inc., Respondent.—In an action to recover damages for property loss arising from the alleged negligent maintenance and operation of a burglar alarm system, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated April 20, 1987, as granted that branch of the motion of the defendant Holmes Protection, Inc. which was for summary judgment dismissing the plaintiffs' complaint as against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Holmes Protection, Inc. (hereinafter Holmes) and D.J.L. Warehouse Corp. (hereinafter DJL) entered into a contract whereby Holmes agreed to install and maintain a burglar alarm system. The plaintiff A.P. Enterprises/Zenex Electronics International (hereinafter AP) stored electronic equipment at a DJL facility which was subsequently burglarized. In opposition to Holmes's motion for summary judgment, AP's subrogor, the plaintiff Northbrook Property & Casualty Insurance Company, failed to allege that AP was an intended third-party beneficiary of the burglar alarm service contract between the defendants and, therefore, the issue is not preserved for appellate review. In any event, nothing in the contract suggests that the parties intended to confer a direct benefit on the purported third-party beneficiary *(see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38; *Corporate Leasing v AFA Protective Sys.,* 101 AD2d 768; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938). Furthermore, there was no duty owing from Holmes to AP. Holmes's purported dereliction was in the nature of nonfeasance, i.e., the failure to repair the alarm system rather than misfeasance, i.e., negligent performance. Hence, it in-

curred no liability toward AP, an unintended and incidental beneficiary of the contract *(see, Corporate Leasing v AFA Protective Sys., supra)*.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.