■ ROSALIA CARRINI et al., Respondents, v SUPERMARKETS

General Corp., Defendant, and Apex Investigation & Security Co., Inc., Appellant.—

On October 17, 1987, while she was buying groceries in a Pathmark supermarket (Pathmark) located in Co-op City, Bronx County, Mrs. Rosalia Carrini was injured when an alleged thief escaped from the grasp of four store employees, who were allegedly beating him, and ran into her, all of which occurred inside Pathmark. Supermarket General owned Pathmark, and Apex Investigation & Security Co., Inc. posted a guard outside that store.

Thereafter, in February 1988, Mr. and Mrs. Carrini (plaintiffs) commenced an action against defendants Supermarket General and Apex in the Supreme Court, Bronx County, to recover damages for Mrs. Carrini's injuries and Mr. Carrini's loss of services.

Following the joinder of issue and discovery, plaintiffs moved to strike defendant Apex's answer, and defendants, Supermarket General and Apex, each cross-moved for summary judgment to dismiss the complaint and cross claims. The IAS court denied the motion, as well as the cross motions. Defendant Apex appeals.

Plaintiffs allege that the negligence of defendant Apex consisted of its employee's failure "to attempt to stop the alleged thief without violence and to stop the supermarket employees from beating the thief".

Since defendant Apex has cross-moved for summary judgment, and plaintiffs oppose same, we are required to accept the plaintiffs' allegations, *supra*, as true, and our decision "must be made on the version of the facts most favorable to [plaintiffs]" *(Strychalski v Mekus*, 54 AD2d 1068, 1069 [1976]; *Salomon v Blanksteen Agency*, 120 AD2d 427, 430 [1st Dept 1986]).

However, we find, upon our review of the record, that

defendant Apex's alleged negligence "was in the nature of nonfeasance, i.e., the failure to perform rather than misfeasance, i.e., negligent performance. Hence [Apex] incurred no liability toward plaintiff[s]" *(Corporate Leasing v AFA Protective Sys.,* 101 AD2d 768 [1st Dept 1984]). Further, our examination of the terms of Apex's oral contract with Supermarket General clearly indicates that Apex's obligation to post a guard outside of Pathmark was only intended to benefit Supermarket General, and not third persons who were not parties to that contract, and "[t]his is true even if it is foreseeable that a third party might be injured by the nonfeasance" *(Haigler v City of New York,* 135 AD2d 362, 363 [1st Dept 1987]).

Based upon our analysis, *supra,* we find that since Apex owed no duty to plaintiffs, there are no material triable issues of fact, and therefore the IAS court erred in denying the branch of Apex's cross motion which seeks summary judgment to dismiss the complaint.

Since we find that under the provisions of the contract, discussed *supra,* defendant Apex did not have either an express or implied obligation to indemnify Supermarket General, we further find that the IAS court erred in denying the branch of Apex's cross motion which seeks to dismiss Supermarket General's cross claim against same for indemnification.

The Court of Appeals states, in *Board of Educ. v Sargent, Webster, Crenshaw & Folley* (71 NY2d 21, 28-29 [1987]), that CPLR 1401 does not permit contribution when the potential liability of joint tort-feasors is based solely on alleged breach of contract. In the instant case, we find that since the alleged liability of defendant Apex is based upon breach of contract, the IAS court erred in denying the branch of Apex's cross motion which seeks to dismiss Supermarket General's cross claim against same for contribution *(Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra).*

Accordingly, we modify Trial Term's order to the extent of granting defendant Apex's cross motion for summary judgment, and to dismiss Supermarket General's cross claims against Apex. Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.