(November 20, 1990)

■ ROBERT S. RIVKIN, Appellant, v SELMA BRACKMAN et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (William J. Davis, J.), entered on August 21, 1989, which granted defendants' motion for summary judgment, denied plaintiff's cross motion in its entirety and awarded defendants $3,500 in costs, is unanimously modified on the law to the extent of denying defendants' motion for summary judgment with respect to the first and fourth causes of action but limiting the demand for damages on the first cause of action to the cost of film and processing, granting plaintiff's cross motion for summary judgment dismissing the counterclaim, vacating the award of costs to defendants, and otherwise affirmed, with costs and disbursements.

Plaintiff, an attorney and resident of San Francisco, is also a professional photographer, who in October of 1979 entered into a standard-form agreement with defendant FPG International Corporation, a stock photography agency which maintains a library of photographs that are leased to advertising agencies, greeting card companies, publishers and various other concerns. According to the contract between the parties herein, FPG was to operate as plaintiff's agent to seek out markets for his 35 mm color transparencies or slides. However, during the course of the association between plaintiff

and FPG, he became dissatisfied with the treatment which he was receiving from defendant agency and eventually requested the return of all 72 slides that FPG had accepted from him. Although FPG, over a period of more than four years, ultimately gave back 33 of the original transparencies, it apparently only did so grudgingly and after a series of acrimonious communications with plaintiff and his threat of legal action.

In the instant action, plaintiff seeks damages of $95,000 for FPG's failure to return all of his slides, alleging breach of contract and damages. A separate, fourth cause of action, relates to the agency's alleged undisclosed sale of his photographs. Defendants (the individual defendants are the principals of FPG) subsequently unsuccessfully offered pursuant to CPLR 3221 to settle the matter with plaintiff for $100, following which they interposed an answer, as well as a counterclaim for attorney's fees. Plaintiff thereupon served demands for discovery and inspection, and defendants countered by moving for summary judgment dismissing the complaint, citing the exculpatory and limitation of liability clauses contained in the subject contract. In opposition, plaintiff cross-moved to strike defendants' answer for nonresponsiveness, for leave to serve an amended complaint and for summary judgment dismissing the counterclaim. The Supreme Court granted plaintiff's cross motion only to the extent of directing defendants to comply with his discovery notices and adding the additional corporate party defendants. The motion and the balance of the cross motion were denied without prejudice, the court finding that the motion papers were defective, and defendants then moved to renew their motion for summary judgment dismissal, and plaintiff renewed his cross motion for summary judgment dismissing the counterclaim and for leave to serve an amended complaint. The court, in granting defendants' motion for summary judgment dismissing the complaint and denying plaintiff's cross motion in full, concluded that:

"Plaintiff, an attorney, admits he signed a standard photography agency agreement on October 29, 1979 that provided 35 mm slides to defendants for distribution to third-party users. The agreement provided that in consideration for these services, and recognizing that pictures are circulated extensively among customers and that the agency/photographer relationship is one whose purpose is to serve the interests of both, the photographer would obtain his own insurance on the pictures in the agency, if he so desired, and that the agency, although

exercising all reasonable care, would not be held responsible for the loss and damage to the pictures. As a further protection to the photographer, it was agreed that he could make duplicates of any transparency whose originals were to be turned over to the agency.

"The agency was authorized to submit any pictures on consignment to prospective agents or clients anywhere in the world, and to seek to obtain the safe return of all material submitted. However, the agency was not to be held liable to the photographer for the failure of the consignee to return material so submitted."

Further, the court, determining that "[t]he institution of this action was an unnecessary burden on the court's time", assessed plaintiff $3,500 in costs, payable to defendants. In that regard, there is simply no authority for the imposition of such costs against plaintiff. CPLR 8201 limits ordinary costs to $200, while the discretionary additional allowances specified in CPLR 8303 (a) (2) may not exceed $3,000 in a "difficult or extraordinary case", which this litigation clearly does not present. As for the costs permissible pursuant to CPLR 8303-a in connection with frivolous claims, the present lawsuit certainly cannot be deemed frivolous in view of defendants' evidently questionable conduct toward plaintiff and his, at least, arguably meritorious allegations in some respects.

However, the Supreme Court is correct to the extent that it determined that plaintiff was bound by the exculpatory and limitation of liability clauses in his contract with FPG. These types of provisions are clearly valid since there is no General Obligations Law provision or other statute prohibiting their enforcement, and they have repeatedly been upheld by the courts (*Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793; *World Trade Knitting Mills v Lido Knitting Mills,* 154 AD2d 99; *Failla v A.F.A. Protective Sys.,* 139 AD2d 693; *Appliance Assocs. v Dyce-Lymen Sprinkler Co.,* 123 AD2d 512; *Sanif, Inc. v Iannotti,* 119 AD2d 654; *Sue & Sam Mfg. Co. v United Protective Alarm Sys.,* 119 AD2d 664). Moreover, there is simply no indication of such gross negligence or unconscionability as required to avoid operation of the exculpatory and limitation of liability clauses. Plaintiff, an attorney, was not solicited by defendant agency but voluntarily came to New York to enter into a relationship with FPG, and he made no effort to negotiate changes in the standard form. In addition, other sections of the contract in question recommended that the client take steps to protect his product by, for example, procuring insurance and duplicating the photographs being

supplied to the agency. While defendants have, in effect, conceded that they were obliged to return plaintiff's color transparencies, the limitation of liability provision restricts their maximum loss to the cost of film and processing so, with the proviso that damages must be limited accordingly, summary judgment should have been denied with respect to the first cause of action. As for the fourth cause of action, this claim contains an allegation of undisclosed sales by FPG to a third party and should not have been summarily dismissed as defendants have exclusive knowledge of material facts (CPLR 3212 [f]).

Finally, plaintiff's cross motion for summary judgment dismissing the counterclaim should have been granted. There is absolutely no contractual or statutory basis for an award of counsel fees to defendants. As the Court of Appeals observed in *Matter of A. G. Ship Maintenance Corp. v Lezak* (69 NY2d 1, 5), "attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule". Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.