(April 24, 1995)

■ FIDEL AGUIRRE et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and BROOKLYN NAVY YARD DEVELOPMENT CORPORATION, Defendant and Third-Party Plaintiff-Respondent. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Third-Party Defendant-Appellant. [625 NYS2d 597] —In an action to recover damages for property damage, the third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated March 9, 1993, as granted the third-party plaintiff's motion for summary judgment declaring that it is obligated to defend the third-party plaintiff in the main action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Forty plaintiffs commenced the main action against several defendants, including the third-party plaintiff, Brooklyn Navy Yard Development Corporation (hereinafter the respondent), for damage caused by the defendants' alleged negligence in applying spray paint to a vessel. Wind-blown paint covered 40 automobiles owned by the individual plaintiffs, allegedly causing a total of $105,400 in damages. The respondent's insurer, National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter the appellant) refused to defend the action, on the ground that a $25,000 self-insured retention (essentially a deductible) applied to the claims of each of the 40 plaintiffs and no individual claim approached this amount. The respondent commenced a third-party action and moved for summary judgment, *inter alia,* seeking a declaration that the self-insured retention only applied once since, under the terms of

the policy, the incident which caused the damage constituted one "occurrence", and the appellant was required to defend it in the main action. The Supreme Court granted the respondent's motion, declaring, *inter alia,* that the single act which caused the damage to the 40 vehicles constituted a single "occurrence" within the meaning of the policy. We agree.

We note that the appellant perfected its appeal in a timely manner *(see,* 22 NYCRR 670.8). The amendment to 22 NYCRR 670.8 (e) which extended the time to perfect an appeal from three to six months was given retroactive effect, applying to notices of appeal filed on or after March 1, 1993.

It is well settled that a declaratory judgment action against insurers, including excess carriers, is permitted prior to judgment where the judgment likely to be recovered in the underlying action would amount to more than the excess floor or the potential liability might well reach into the excess coverage *(see, Costa v Colonial Penn Ins. Co.,* 204 AD2d 591; *Farley v State Farm Mut. Auto. Ins. Co.,* 167 AD2d 861). The insurance policy at issue here, provided coverage for losses in excess of $25,000, up to $1,000,000 per occurrence, and the claims filed by the plaintiffs totaled approximately $105,400. Therefore, the Supreme Court properly entertained the motion for summary judgment.

The insurance policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions". Occurrence is not defined by the injury sustained but rather in terms of its cause. Since only one occurrence caused the damage to the 40 vehicles, the court properly determined that only one deductible should be applied *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169; *Uniroyal, Inc. v Home Ins. Co.,* 707 F Supp 1368, 1380; *Champion Intl. Corp. v Liberty Mut. Ins. Corp.,* 701 F Supp 409, 412).

The appellant contends that the general subcaption "(per claim)" under Endorsement No. 2 entitled "Self-Insured Retention" requires that the self-insured retention be applied to each claim. We disagree. The specific language of this endorsement provides that the self-insured retention "shall apply only to 'occurrences' covered under this policy" and that it will "apply separately to each such 'occurrence' ". Where there is an inconsistency between a specific provision and a general provision of a contract, the specific provision controls *(see, Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46; *see also,* 69 NY Jur 2d, Insurance, § 711).

The appellant's claim that the respondent did not comply with the notice provision of the insurance policy was not raised in the appellant's opposition to the motion for summary judgment, and thus, is not preserved for appellate review (see, CPLR 5501 [a]; *Adsit v Quantum Chem. Corp.,* 199 AD2d 899; *Stilo v County of Nassau,* 122 AD2d 41, 45; *Northbrook Prop. & Cas. Ins. Co. v D.J.L. Warehouse Corp.,* 146 AD2d 574). In any event, this defense was waived by the appellant when it failed to assert it in its original letter of disclaimer which advised the respondent that coverage was being denied solely on the ground that the amount of each individual claim did not exceed the respondent's self-insured retention (see, *General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Ehrlich v Aetna Cas. & Sur. Co.,* 95 AD2d 936, 938). Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.