■ RICHARD S. WARSHOF, Appellant, v ROCHESTER COMMUNITY SAVINGS BANK, Respondent. (Appeal No. 1.) [731 NYS2d 413] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.

■ RICHARD S. WARSHOF, Appellant, v ROCHESTER COMMUNITY SAVINGS BANK, Respondent. (Appeal No. 2.) [730 NYS2d 634] —Judgment unanimously reversed on the law without costs and plaintiff's cross motion seeking summary judgment granted in part in accordance with the following Memorandum: Plaintiff, an employee of defendant from June 1, 1970 to August 25, 1994, commenced this action seeking, *inter alia*, a determination of his rights under the Separation Agreement and General Release (Separation Agreement) executed by the parties upon the termination of plaintiff's employment with defendant. Supreme Court erred in failing to determine, as a matter of law on cross motions by the parties seeking summary judgment, the meaning of paragraph 2 of the Separation Agreement with respect to defendant's continued obligation to pay a portion of plaintiff's split dollar life insurance premium after August 31, 1995. The split dollar life insurance policy provides whole life coverage and has a substantial cash surrender value. Plaintiff derived substantial tax benefits from defendant's payment of a portion of the premium.

Paragraph 2 of the Separation Agreement, which was signed after a month of negotiation, provides that defendant "shall make the payments and provide the benefits contemplated by

Article 3 of the Salary Agreement." Under article 3 of the Salary Continuation Agreement (Salary Agreement), which was signed in 1991, defendant agreed to provide plaintiff with certain benefits should he be terminated, including continued salary, "life, accident and health insurance, [and] automobile, and club dues," for 12 full months after termination (§ 3.4). Defendant thus contends that it has no obligation to make payments on plaintiff's split dollar life insurance policy after August 31, 1995, 12 full months from the date of plaintiff's termination.

Paragraph 2 of the Separation Agreement further provides, however, that "[a]ttached as Exhibit C is a list of post-separation benefits to which the parties agree [plaintiff] is entitled." Exhibit C provides that defendant "will continue to pay its portion of the premium for your split dollar life insurance as long as you continue to make the applicable payroll deductions (or otherwise pay your portion of the premium)." Plaintiff thus contends that defendant is obligated to continue to make premium payments for as long as plaintiff pays his portion of that premium.

The court erred in ordering a trial to resolve this ambiguity in the Separation Agreement. Neither party tendered extrinsic evidence on the respective cross motions. "[A]bsent such a tender, all that was available to the court in the present case was the writing itself. Ambiguous or not, the document then became one for construction by the Judge alone" (*Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 554; *see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290-293).

We conclude that the Separation Agreement, read as a whole (*see, Hudson-Port Ewen Assocs. v Chien Kuo*, 78 NY2d 944, 945), establishes as a matter of law defendant's obligation to make the premium payments for as long as plaintiff pays his portion of that premium. By its terms, the Separation Agreement was intended to supersede the Salary Agreement "without limitation" and "serve as the full and final settlement of all claims and obligations of [defendant] to [plaintiff]." All "the payments and * * * benefits contemplated by Article 3 of the Salary Agreement" were the subject of negotiation, and exhibit C of the Separation Agreement "is a list of post-separation benefits to which the parties agree [plaintiff] is entitled."

Defendant contends that exhibit C "was not an independent grant of additional benefits" but a "summary of these benefits, which are set forth in Article 3 of the Salary Agreement." Defendant fails to recognize, however, that the Separation Agreement supersedes the Salary Agreement, that the Separation

Agreement expressly provides that "[a]ttached as Exhibit C is a list of post-separation benefits to which the parties agree [plaintiff] is entitled," and that the termination dates of specified benefits set forth in exhibit C differ from those set forth in the Salary Agreement. To the extent that there is an inconsistency between the general provision that "[defendant] shall make the payments and provide the benefits contemplated by Article 3 of the Salary Agreement" and the specific provision that "Exhibit C is a list of post-separation benefits to which the parties agree [plaintiff] is entitled," the specific provision is controlling (*see, Aguirre v City of New York,* 214 AD2d 692, 693). (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Contract.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.