■ GOLDEN STONE TRADING, INC., Plaintiff, v WAYNE ELECTRO SYSTEMS, INC., Respondent, AFFILIATED CENTRAL, INC., Appellant, et al., Defendants. [845 NYS2d 823]—

In an action, inter alia, to recover damages for breach of contract, the defendant Affiliated Central, Inc., appeals from an order of the Supreme Court, Queens County (Dorsa, J.), entered March 20, 2007, which denied its motion for summary judgment on its cross claim for indemnification against the defendant Wayne Electro Systems, Inc.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Affiliated Central, Inc., for summary judgment on its cross claim is granted, and the matter is remitted to the Supreme Court, Queens County, for a hearing to fix the appellant's costs of the defense of this action, including a reasonable attorney's fee.

The defendant Wayne Electro Systems, Inc. (hereinafter Wayne), entered into an agreement with the plaintiff on January 12, 2006, to install and service an alarm system at 102-17 44th Avenue in Corona, New York (hereinafter the property). The defendant Affiliated Central, Inc. (hereinafter Affiliated), provided alarm monitoring services under a separate agreement it entered into with Wayne (hereinafter the dealer agreement). The dealer agreement contained an indemnity clause by which Wayne agreed to fully indemnify Affiliated and hold it harmless. The property allegedly was burglarized on January 23, 2006, as a result of which the plaintiff commenced this action against, among others, Wayne and Affiliated to recover damages for breach of contract. In its answer, Affiliated asserted, inter alia, a cross claim against Wayne based on the indemnification provision under the dealer agreement and moved for summary judgment on that cross claim. The Supreme Court denied the motion. We reverse.

Affiliated established its prima facie entitlement to judgment as a matter of law (*see Cox v Kingsboro Med. Group,* 88 NY2d 904, 906 [1996]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]) through the proof adduced on its motion, which included the affidavit of its vice-president appending, inter alia, copies of the dealer agreement and the agreement between the plaintiff and Wayne. In opposition, Wayne failed to raise a triable issue of fact warranting the denial of summary judgment (*see 9394 LLC v Farris,* 10 AD3d 708, 710-711 [2004]) and failed to demonstrate anything more than the "mere hope" (*Companion Life Ins. Co. of N.Y. v All State Abstract Corp.,* 35 AD3d 519, 521 [2006]) that additional discovery would reveal facts sufficient to defeat Affiliated's motion (*see Min Whan Ock v City of New York,* 34 AD3d 542, 543 [2006]).

To the extent that the Supreme Court's conclusion was predicated on General Obligations Law § 5-322.1, it was error because that provision does not govern the dealer agreement herein (*see Goll v American Broadcasting Cos., Inc.,* 10 AD3d 672 [2004]; *Auburn Steel Co. v Westinghouse Elec. Corp.,* 158 AD2d 938 [1990]; *cf. Tate v Clancy-Cullen Stor. Co.,* 178 AD2d 292, 293-295 [1991]; *Appliance Assoc. v Dyce-Lymen Sprinkler Co.,* 123 AD2d 512, 513 [1986]; *Failla v A. F. A. Protective Sys.,* 139 AD2d 693 [1988]; *El Chami v Automatic Burglar Alarm Corp.,* 106 Misc 2d 559, 561-562 [1980]).

We remit this matter to the Supreme Court, Queens County, for a hearing to determine the amount of the appellant's costs of defense of this action, including a reasonable attorney's fee, for which Wayne is responsible under the indemnification provision of the dealer agreement. Crane, J.P., Florio, Lifson and Carni, JJ., concur.